**Gordon LISH, Plaintiff,**

v.

**HARPER'S MAGAZINE FOUNDATION, Defendant.**

**No. 91 Civ. 0782(MEL).**

United States District Court, S.D. New York.

May 17, 1993.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff (Jonathan J. Lerner and John M. Horan, of counsel).

Patterson, Belknap, Webb & Taylor, New York City, for defendant (Gregory L. Diskant, Rhonda Brown, and Ellen Rothschild, of counsel).

LASKER, District Judge.

The parties cross-move to vacate taxation of their opponent's bill of costs, and to enforce taxation of their own costs, after entry of judgment.

## I.

This action concerns the publication in the December 1990 issue of Harper's Magazine of a letter Gordon Lish sent to the forty-nine prospective students of his fall 1990 writing class (the "Letter"). Because of limited magazine space available, the Letter was cut from 2,308 to 1,206 words. The deletions were not marked by ellipses, and the Letter was published and edited without Lish's permission. Lish claimed that the publication of the edited version of the Letter infringed his copyright, defamed him, falsely designated

the origin of the Letter, and intentionally inflicted emotional distress on him.

By opinion filed on November 24, 1992, the claims for violation of the Lanham Act, libel and intentional infliction of emotional distress were dismissed, but the copyright claim was sustained. The final judgment, entered March 2, 1993, provided:

> IT IS HEREBY ORDERED, that judgment be entered in favor of plaintiff, Gordon Lish, on his claim for copyright infringement, declaring that defendant Harper's Magazine Foundation has infringed Mr. Lish's copyright in and to his Fall 1990 class letter, and that each of plaintiff's claims for false designation of origin, defamation and intentional infliction of emotional distress is hereby dismissed.

■ Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "costs shall be allowed as of course to the prevailing party...." In this case, Lish prevailed. However, Rule 68 of the Federal Rules of Civil Procedure establishes a variation on the general rule. It reads:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs than accrued.
>
> .    .    .    .    .
>
> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Thus, under Rule 68, a prevailing plaintiff may not recover his post-Offer-of-Judgment costs from a defendant if the judgment finally obtained by the plaintiff is "not more favorable than" the defendant's Offer of Judgment. The rule is intended to encourage settlement of disputes.

On February 25, 1991, Harper's made an Offer of Judgment to Lish (the "Offer"). Harper's contends that the judgment finally obtained by Lish was "not more favorable" to Lish than was Harper's Offer. Harper's Offer reads:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant hereby offers to allow judgment to be taken against it in this action, in the amount of $250.00. This offer of judgment is made for the purpose specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action, or that the plaintiff has suffered any damage. If this offer of judgment is accepted pursuant to Rule 68 and judgment entered thereupon, defendant waives any appeal from said judgment.

Accordingly, the question is whether the judgment Lish ultimately procured is or is "not more favorable" than the judgment offered by Harper's.

## II.

■ Harper's characterizes its offer as one to pay $250 and to admit liability as to all of the claims asserted by Lish. It contends that what Lish obtained in the final judgment (a determination of Harper's liability for copyright violation) was nothing more than what Harper's had already offered to give him.

Lish argues that Harper's offered no more than to pay $250, citing the following language in the Offer:

> This offer of judgment is made for the purpose specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action, or that the plaintiff has suffered any damage.

Lish asserts that by this language Harper's made explicit its intent that the Offer did not include an admission of liability. According to Harper's, however, this sentence "disclaimed liability only in connection with the *making of the offer*, not the judgment that would be entered if the offer were accepted." (emphasis in original) Harper's takes the position that:

> The language making this point may be surplusage under Rule 68, but it is standard form surplusage that has routinely been used by lawyers in this district for over twenty years. Indeed, the language of *Harper's* offer of judgment tracks precisely the sample offer of judgment that is

routinely distributed to counsel by the Judgment Clerk in this district. Every experienced litigator is familiar with the language and its straight-forward meaning.

I conclude that even if, by such language, Harper's did not intend to disclaim liability if its offer were accepted, it was put on notice by Lish that he construed the Offer differently. In a letter dated March 7, 1991, Lish's counsel explained his reasons for rejecting Harper's' Offer of Judgment, noting in particular that:

> the offer recites that Harper's will allow judgment to be taken against it, *but without any admission of either liability on its' part or damage to Mr. Lish.* (emphasis added)
>
> These conditions are inconsistent with the very concept of a judgment, and we believe, therefore, that the offer is not a proper one under Rule 68.

Harper's contends that it had no responsibility to correct Lish's misapprehension as to the terms of the offer. It states that:

> Mr. Lish's counsel was not confused by the offer. Rather, Mr. Lish's response to *Harper's* offer of judgment was a disingenuous effort to ignore the offer.

And that

> This kind of posturing by counsel required no more from *Harper's* than to put Mr. Lish on notice, as it did, that the refusal to accept the offer placed Mr. Lish at risk of having to pay the costs that *Harper's* is now seeking.

I disagree with Harper's' analysis of these exchanges. There is no evidence that Lish's counsel was "posturing"; on the contrary, all of the evidence of record suggests that Lish's counsel had very good reason to believe that the offer did not include an admission of liability. If Harper's is to be taken at its word, it is claiming that it proposed in its February 25, 1991 Offer of Judgment to ad-

mit liability as to all of the claims.[1] That Harper's was willing to concede liability as to the false designation of origin, defamation and intentional infliction of emotional distress claims is, at least, puzzling, since these are claims which Harper's in its present briefs describes as "frivolous," "meritless" and subject to Rule 11 sanctions.

> The non-copyright claims were used as leverage, when in fact they were frivolous and should not have been prosecuted.

In addition, Harper's had made clear in numerous public pronouncements that it intended to "fight this all the way" citing the "larger copyright issues that are involved." (*Wall Street Journal,* Feb. 6, 1991 at B2.) In this context, it is easy to understand why Lish's counsel read the Offer to exclude an admission of liability.

█  Although I am quite ready to believe Harper's' representation that the inclusion in its Offer of the sentence disclaiming liability was not intended, when made, to refuse to accept judgment of liability if the offer had been accepted, but rather to protect Harper's against any assertion by Lish that the making of the offer itself constituted a present admission of liability, nevertheless, where as here, a defendant is on notice that the plaintiff, with reason, interprets the offer differently, the defendant is not entitled to the benefits of Rule 68, unless he amends his offer to remove doubt as to its meaning.[2] Here, it was apparent that Lish's counsel did have reason to believe that the Offer excluded an admission of liability.

### III.

█  Harper's also argues that because it made an Offer of Judgment to plaintiff in the amount of $250, which plaintiff did not accept, and because no damages were awarded to plaintiff, "the final judgment is less than the Offer, [and] plaintiff is not entitled

---

1.  The Offer did not distinguish between the copyright claim and the other three claims: "defendant hereby offers to allow judgment to be taken against it in this action, in the amount of $250.00."

2.  In its responding letter, dated March 11, 1991, Harper's counsel stated only:

> I understand Mr. Lish to have rejected *Harper's* offer of judgment. Because Mr. Lish has not accepted the offer within ten days, we will hold him liable for *Harper's* costs, including attorneys fees, 17 U.S.C. § 505, *Marek v. Chesny,* 473 U.S. 1 [105 S.Ct. 3012, 87 L.Ed.2d 1] (1985), if he does not obtain a final judgment more favorable than the offer.

to recover costs it incurred after the Offer of Judgment." However, money damages are not the only measure of whether a plaintiff has obtained a "more favorable" judgment within the meaning of Rule 68. As Harper's itself concedes in its memorandum of law:

in comparing an offer of judgment with the eventual relief awarded at trial, the Court can look to all the relief awarded (e.g., an injunction, the return of property), not just monetary relief.

Here, vindication of Lish's authorial right to control the first publication of his Letter is a more "favorable" outcome than the payment of $250 to him.

Moreover, the judicial determination of copyright violation confers a benefit on a plaintiff which he would not have obtained merely by the entry of judgment in his favor: that is, to use the precedent established by a court finding in future instances.

Harper's motion for costs is denied, and Lish's motion for costs is granted.

Submit order on notice.