**Peter MCCAULEY, Plaintiff,**

v.

**TRANS UNION LLC, Defendant.**

**No. 02 Civ.4042 VM.**

United States District Court,
S.D. New York.

Feb. 3, 2004.

Bruce S. Luckman, Satzberg, Trichon, Kogan & Wertheimer, P.C., Philadelphia, PA, for defendant.

*DECISION AND ORDER*

MARRERO, District Judge.

*Pro se* plaintiff Peter McCauley ("McCauley") moves this Court pursuant to Fed.R.Civ.P. 60(b)(1) for relief from the Court's Decision and Order dated December 16, 2003 and from the Judgment entered on December 30, 2003 in favor of the defendant Trans Union LLC ("Trans Union"). Rule 60(b)(1) allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

To prevail on a motion for reconsideration under Local Civil Rule 6.3, which governs such motions in this District, "the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Maxwell v. City of New York*, 272 F.Supp.2d 285, 305 (S.D.N.Y.2003).

█ McCauley argues that the Court made a judicial error in its judgment.[1]

---

1.  Familiarity is assumed with the Court's Decision and Order dated November 26, 2003, *McCauley v. Trans Union LLC*, No. 02 civ 4042, 2003 WL 22845741 (S.D.N.Y. Nov.26, 2003) (*"McCauley I"*), and the Decision and Order dated Dec. 16, 2003, *McCauley v. Trans Union LLC*, No. 02 civ 4042, 2003 WL 22976322 (S.D.N.Y. Dec.17, 2003) (*"McCauley II"*).

McCauley's arguments challenge the reasoning of the Court's decision. He relies on *Lish v. Harper's Magazine Found.*, 148 F.R.D. 516 (S.D.N.Y.1993), to support his assertion that the Court erred in dismissing his claim after he rejected Trans Union's offer of judgment. In *Lish*, a plaintiff rejected an offer of settlement for the full monetary value that he was seeking because the plaintiff interpreted the proposed settlement agreement as lacking an admission of liability on the part of the defendant. *See id.* The court ruled that a "judicial determination of copyright violation confers a benefit on a plaintiff which he would not have obtained merely by the entry of judgment in his favor: that is, to use the precedent established by a court finding in future instances." *Id.* at 520.

McCauley similarly argues here that because he could have obtained a judicial determination at trial that Trans Union negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and then used that precedent in future cases, his rejection of the offer of judgment that Trans Union made following this Court's Decision and Order dated December 16, 2003 did not moot his claim.

■ *Lish* is not binding precedent on this Court. Federal courts are courts of limited jurisdiction and only resolve actual cases or controversies. *See* U.S. Const. art. III, § 2; *Utah v. Evans*, 536 U.S. 452, 122 S.Ct. 2191, 153 L.Ed.2d 453 (2002). The Supreme Court has stated that "[a] lawsuit does not fall within this grant of judicial authority unless, among other things, courts have the power to 'redress' the 'injury' that the defendant allegedly 'caused' the plaintiff." *Evans*, 536 U.S. at 459, 122 S.Ct. 2191. As this Court stated in *McCauley I*, courts have consistently held that "When a defendant makes an offer of everything a plaintiff could possibly be entitled to from a plaintiff's lawsuit, that case may be dismissed if

the plaintiff rejects the offer." *McCauley I*, 2003 WL 22845741, at *2. Once Trans Union offered McCauley all the damages that he was seeking, there was nothing further that this Court could do to redress the injury that McCauley claims Trans Union caused him.

McCauley argues that despite his rejection of Trans Union's offer of judgment of $240 plus costs, the Court should nevertheless have entered judgment against Trans Union for $240 plus costs. He relies on *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01 Civ. 1086, 2002 WL 449653 (S.D.N.Y. Mar.22, 2002), and *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000), which this Court cited in *McCauley I* for the proposition that a court may dismiss a case when the defendant offers the plaintiff all that the plaintiff could possibly recover through litigation. *See McCauley I*, 2003 WL 22845741, at *2. In *McCauley I*, the Court stated that it "would be compelled to dismiss the action if McCauley were to reject the offer." *Id.* at *4. McCauley rejected Trans Union's offer. He has cited no binding authority under which this Court must now grant him the relief he seeks.

Finally, McCauley argues that despite his *pro se* status, he is entitled to recover attorney's fees for his of-counsel attorneys. The Court addressed this issue in *McCauley I, see id.* at *2 n. 4, and McCauley has not raised any binding precedent or facts that might reasonably be expected to alter the Court's decision.

McCauley's arguments for relief from the judgment are essentially an attempt to reargue the merits of his case before this Court. McCauley has cited no controlling law and no facts that the Court may have overlooked that could reasonably be expected to alter the Court's decision.

### *ORDER*

For the reasons discussed forth above, it is hereby

ORDERED that the motion of plaintiff Peter McCauley for relief from the Decision and Order dated December 16, 2003 and the Judgment entered on December 30, 2003 is denied.

**SO ORDERED.**