Morris WILNER, Plaintiff,

v.

OSI COLLECTION SERVICES, INC., Defendant.

No. 00 Civ. 1057(CM).

United States District Court, S.D. New York.

Jan. 3, 2001.

Adam Fishbein, Uniondale, NY, Cathleen M. Combs, Anne M. Burton, Daniel A. Edelman, Edelman, Combs & Latturner, Chicago, IL, for Plaintiff.

Joseph M. O'Connor, Ahmuty, Demers & McManus, Albertson, NY, for Defendant.

## MEMORANDUM ORDER ENTERING JUDGMENT AGAINST DEFENDANT AND DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION

McMAHON, District Judge.

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that language in a debt collection letter sent to plaintiff by defendant OSI Collection Services, Inc. ("OSI") violates the FDCPA.

Plaintiff moved for class certification and for a document preservation order. While that motion was pending, defendant moved for judgment on the pleadings (or, in the alternative, for summary judgment) and for attorney's fees and costs. Plaintiff cross-moved for judgment on the pleadings or for summary judgment. For the reasons below, I decline to decide these motions, except the motion for class certification, and instead dismiss the case *sua sponte* for lack of subject matter jurisdiction.

### I.

On December 14, 1999, defendant mailed a printed document to plaintiff, concerning a residential telephone bill, and containing the following language: "Only full payment will avoid further action to enforce collection. We are extending you the courtesy of this letter before taking further action." (Compl. at Ex. A.)

Plaintiff alleges in his complaint that this language violates the FDCPA because it overshadows and contradicts the notice of validation rights printed on the back of the same letter. He seeks full relief under the statute for himself and other New York residents who received the same or similar letter during the period one year prior to the filing of this action. The class has not yet been certified.

The records of the clerk of this court show that on October 23, 2000, defendant served on Wilner an offer of judgment in the amount of $3,000, inclusive of all legal fees, disbursements and costs. This court has not been notified of any decision by plaintiff to accept or reject the offer of judgment.

### II.

Rule 68 of the Federal Rules of Civil Procedure provides that a defendant "may serve upon the [plaintiff] an offer to allow judgment to be taken against [defendant] for the money ... specified in the offer, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, "[i]f the judgment finally obtained by [plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.

15 U.S.C. § 1692k(a)(1), (2) and (3) of the Fair Debt Act limit the liability of a "debt collector" to "any actual damage sustained" by the claimant due to the debt collector's violation of the Act, "such additional damages as the court may allow, but not exceeding $1,000," and "costs of the action, together with a reasonable attorney's fee as determined by the court." Wilner has not suffered any actual damages; his maximum recovery is thus $1,000, plus costs of the suit and a reasonable attorney's fee.

When defendant offers "all that [a plaintiff can] hope to recover through [the] litigation, 'there is no justification for taking the time of the court and the defendant in the pursuit of [a] minuscule individual claim[ ] which defen-

dant has ... satisfied.'" *Ambalu v. Rosenblatt*, 194 F.R.D. 451, (E.D.N.Y.2000) (quoting *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir.1983)); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Murphy v. Equifax Check Servs., Inc.*, 35 F.Supp.2d 200, 203 (D.Conn.1999) (dismissing plaintiff's Fair Debt Act claim because defendant "agreed to give the plaintiff full relief.")

In *Ambalu*, defendant's offer of judgment was for $1,000, the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court. Plaintiff rejected the offer. Defendant moved to compel plaintiff to accept the offer pursuant to Fed.R.Civ.P. 68, and moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1). 194 F.R.D. at 452. Judge Nickerson found that the offer of judgment rendered Ambalu's claim moot. He reasoned:

> A claim becomes moot when "'the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969)). "The required legally cognizable interest has ... been described as a requirement that plaintiff have a 'personal stake' in the litigation." *Fox v. Board of Trustees*, 42 F.3d 135, 140 (2d Cir.1994). "Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Id.*

*Ambalu*, 194 F.R.D. at 452. The court thus dismissed Ambalu's complaint for lack of subject matter jurisdiction and entered judgment against Rosenblatt in accordance with its Rule 68 offer of judgment, and retained jurisdiction to determined the amount of reasonable attorney's fees and costs of the suit.

Ambalu responded that a Rule 68 offer of judgment does not apply in a class action context and that Rosenblatt had not offered

to compensate the class. *Id.* at 453. Judge Nickerson found that while this argument "may have some validity after class certification," it did not apply to Ambalu, because no class had been certified and no motion had been made for certification. *Id.* at 453 (citing *Gay v. Waiters' and Dairy Lunchmen's Union*, 86 F.R.D. 500, 503 (N.D.Cal.1980) ("enforcement of Rule 68 may ... conflict with the policies and principles underlying Rule 23")).

I agree wholeheartedly with Judge Nickerson's reasoning. There are, however, four differences between *Ambalu* and the case at bar.

First, this court is not aware of any decision by Wilner to accept or reject the offer. However, Wilner must do one or the other, and whether he chooses Door #1 or Door #2, the prize is the same. If he accepts OIS' offer, the case is moot. If he declines, the case would be indistinguishable from *Ambalu*, and I would compel him to accept the offer.

Second, defendant has not moved to dismiss the action on these grounds. This fact is irrelevant. It is well-established that even if the parties do not address the issue, a court may dismiss an action *sua sponte* when it appears that jurisdiction may be lacking. *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir.1993); *see also Members for a Better Union v. Bevona*, 152 F.3d 58 (2d Cir.1998). As I recently reiterated, a court has "undoubted jurisdiction to decide its own jurisdiction." *See Tripodi v. Local Union No. 38*, 120 F.Supp.2d 318, 320 (citing *United States v. International Business Machines*, 539 F.Supp. 473, 475 (S.D.N.Y.1982)).

Third, there was no motion for class certification before the court in *Ambalu*, while Wilner did bring such a motion well before the offer of judgment. In general, if a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction. *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 850, 43 L.Ed.2d 74 (1975) (per curiam); *see also Comer v. Cisneros*, 37 F.3d 775, 798 (2d

Cir.1994) ("in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot"); *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2d Cir.1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."). Because the issues of mootness and class certification can in many cases be "inextricably interwoven," there are exceptions to this rule. *See Comer*, 37 F.3d at 795. However, I do not need to decide whether to apply the reasoning in *Ambalu* to those actions where a defendant files an offer of judgment during the pendency of a class certification motion, because plaintiff cannot meet the requirement for class certification under Fed.R.Civ.P. 23.

■ Rule 23 allows an action to be certified as a class action only if the plaintiff can satisfy all four prerequisites under this Rule:

    (1) the class is no numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *See Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D.Conn.2000) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997)). Once these criteria have been satisfied, a class will be certified if it meets one of the following additional conditions imposed by Fed.R.Civ.P. 23(b): (1) separate actions would create a risk of inconsistent adjudications; (2) injunctive or declaratory relief is sought; or (3) common questions predominate over the individual questions and a class action is superior to other methods of bringing the suit.

■ The plaintiff proposing to be a class representative bears the burden of showing that class treatment is appropriate. *General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Rule 23 must be "liberally interpreted" and read to "favor maintenance of class action." *Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir.1984).

■ Plaintiff argues that, even absent any discovery as to the number of notices sent, it is reasonable to infer that the number of class members in the present case is large.[1] He points to the following for support: (1) defendant used a standard form letter; (2) OSI is one of the largest debt collection agencies in the United States and contacts a large number of consumer debtors each year; and (3) the creditor for whom OSI was collecting an alleged debt from plaintiff is MCI, one of the largest telecommunications companies in the country. Therefore, according to plaintiff, common sense should lead the court to conclude that OSI attempted to collect enough debts on MCI's behalf during the relevant period to satisfy the numerosity requirement.

Defendants argue that bare allegations of numerosity based upon mere conjecture as to the size of the class cannot satisfy the requirements of Rule 23(a)(1). Defendants are correct.

It is not necessary that plaintiffs identify an exact number of class plaintiffs. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) (granting certification where class was estimated at between 22 and 133 members); *In re Avon Secs. Litigation*, 1998 WL 834366, *4 (S.D.N.Y. Nov. 30, 1998) ("Precise calculation of the number of class members is not required."). Some courts have held that a class action may proceed upon estimates as to the size of the proposed class. However, the cases cited by plaintiffs do not apply. In *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y.1982), both parties agreed the estimated class met the numerosity requirement. In *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y.1986), plaintiffs had unsuccessfully attempted to obtain the

---

1. Plaintiff does venture a guess as to the number of people who may have received the letter Wilner received, estimating that the class size is "well over 10,000 members." (Pl.Rep.Mem. at 4.) It is clear that plaintiff is only speculating as to this number.

number of potential plaintiffs through discovery, and consideration of the class certification motion was before the court on the federal defendant's motion to *narrow* a redefined class that had already been certified. Plaintiff cites cases from other circuits in support of his argument, but I am not bound by those holdings.

Absent one iota of evidence as to the number of people who may have received such a letter from OSI, I will not find that plaintiff has met his burden of establishing numerosity. The motion for class certification is denied.

Finally, the Ambalu defendant's offer of judgment was for $1,000, the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court, and which the court later determined based on its own calculations. OSI's offer was for a lump sum of $3,000. If Wilner were to receive the maximum statutory award, this would leave $2,000, or twice the maximum recovery, for costs and attorneys fees.

The FDCPA makes clear that calculation of an appropriate award of attorney's fees must be left to the District Court. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir.1998). While I am not inclined to award more than $2,000 to plaintiff's counsel for what is obviously a routine filing under this Act, I am required to make a somewhat detailed determination of what would be a reasonable fee under the "lodestar" method, in accordance with the substantial United States Supreme Court precedent pertaining to such calculations. *See Teng v. Metropolitan Retail Recovery*, 851 F.Supp. 61 (E.D.N.Y.1994) (citing *Texas State Teachers Assoc. v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983)). I cannot make such a determination on the record before me.

## CONCLUSION

For the foregoing reasons, judgment shall be entered against defendant OSI, and plaintiff Wilner is to be awarded $1,000. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. I retain jurisdiction to determine costs and attorney's fees. The parties are directed to submit their calculations for costs and reasonable attorney's fees, no later than two weeks from the date of this order.

This constitutes the decision and order of the Court.