Ethel WEISSMAN, Plaintiff,

v.

**ABC FINANCIAL SERVICES, INC., Defendant.**

No. CV00–3507(ADS).

United States District Court, E.D. New York.

Sept. 22, 2001.

Adam J. Fishbein, Uniondale, N.Y., for the plaintiff.

Edelman, Combs & Latturner, Chicago, IL, by Anne M. Burton, of counsel, for the plaintiff.

Arthur Sanders, New York City, for the defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This class action arises from a claim by Ethel Weissman ("Weissman" or the "plain-

tiff") that ABC Financial Services, Inc. ("ABC" or the "defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, in its capacity as a collection agency, by mailing the plaintiff two letters containing language prohibited by the FDCPA. Presently before the Court are: (1) a motion by the defendant to compel the plaintiff to accept its offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); (2) a motion by the defendant to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6); and (3) a motion by the plaintiff to certify the proposed class.

## I. *BACKGROUND*

The following facts are taken from the complaint and documents attached to it. On or about April 3, 2000, ABC mailed the plaintiff a notice stating that her account at "Exercise Express" was past due. The notice, which is attached to the complaint, states that Weissman owed the sum of $89 plus a late charge of $7 for a total amount of $96. The letter informs Weissman that if she fails to act promptly, her credit standing and membership could be impaired. In the notice, ABC also advised Weissman that "if the total amount due is not received, we are prepared to take whatever steps we deem necessary in collecting this balance."

On or about April 17, 2000, ABC mailed the plaintiff a second notice, in which ABC states that it is giving Weissman one more opportunity to pay the amount owed to "Exercise Express." This second notice, which also is attached to the complaint, states that Weissman owed the sum of $89 plus a late charge of $14 for a total amount of $103. The letter further informs Weissman that failure to remit the amount due within five days will result in "further collection activity against you."

In the complaint, Weissman asserts that the April 3, 2000 notice violates the FDCPA because, among other things, it contains a late charge and requires that disputes about the amount owed must be placed in writing. Wiessman maintains that the April 17, 2000 notice violates the FDCPA because, among other things, it contains a late charge and

contradicts the first notice in regard to when payment is due. Weissman seeks full relief under the statute for herself and similarly situation individuals.

Weissman filed her complaint on June 14, 2000. ABC filed their answer on July 21, 2000. In papers dated August 30, 2000, ABC, through its attorney, made an offer of judgment pursuant to Fed.R.Civ.P. for the sum of $1000 plus the sum of $500 representing costs and reasonable attorney's fees for a total of $1500. Weissman neither accepted nor rejected the offer of judgment.

In papers filed on September 6, 2000, Weissman moved for class certification. ABC opposed that motion in papers filed on September 25, 2000. Then, in papers filed on October 19, 2000, ABC moved to compel the plaintiff to accept the offer of judgment and to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff opposed this motion in papers filed on the same day. These two motions are presently before the Court.

## II. *DISCUSSION*

### A. The Motion to Dismiss

ABC argues that Weissman's complaint should be dismissed because its Rule 68 offer of judgment renders Edge's claim moot. ABC further argues that the entire complaint should be dismissed, because the class representative's claim has been mooted before certification.

This Court was presented with a virtually identical factual situation in *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y. 2001), which was at the same procedural posture as this case. In *Edge,* the plaintiff filed his FDCPA complaint on January 25, 2001. In a letter dated March 2, 2001, C. Tech made an offer of judgment pursuant to Fed.R.Civ.P. 68 offering Edge damages in the amount of $1000 plus the sum of $2500 representing reasonable costs and attorney's fees.

This Court joined two other Courts in this Circuit in agreeing with the reasoning of *Ambalu v. Rosenblatt,* 194 F.R.D. 451

(E.D.N.Y.2000). *See also Tratt v. Retreival Masters Creditors Bureau, Inc.,* 2001 WL 667602 (E.D.N.Y.2001); *Wilner v. OSI Collection Services, Inc.,* 198 F.R.D. 393 (S.D.N.Y.2001). *Ambalu,* essentially holds that when a defendant in an FDCPA case makes an offer of judgment pursuant to Fed. R.Civ.P. 68 prior to the filing of a motion for class certification and offers the maximum amount the plaintiff can recover under the statute, the plaintiff no longer has a personal stake in the matter, a case or controversy no longer exists, and the case must be dismissed for lack of subject matter jurisdiction. *See Ambalu,* 194 F.R.D. at 452–53; *see Tratt,* 2001 WL 667602 at *2 (adopting *Ambalu* as dispositive and granting the defendant's motion to dismiss); *Wilner,* 198 F.R.D. at 395–97 (dismissing the complaint because the defendant's offer of judgment offered the maximum amount the plaintiff could recover under the statute).

In *Edge,* the Court noted that *Wilner v. OSI Collection Services, Inc. (Wilner II),* 201 F.R.D. 321 (S.D.N.Y.), added a wrinkle to the mootness issue in FDCPA cases. Namely, on reconsideration, the Court in *Wilner II* found that the offer of judgment, in fact, had not offered the maximum amount the plaintiff could have recovered under the statute, because it placed a cap on the costs and attorney's fees, the availability of which the Court found to be "integral" to the FDCPA. *Wilner II,* 201 F.R.D. at 323 (citing *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61 (E.D.N.Y.1994)). *Cf. Tratt,* 2001 WL 667602 * 1 (offer of judgment offered the statutory maximum of $1000 plus attorney's fees and costs, which were left unspecified) *Ambalu,* 194 F.R.D. at 452 (same).

This Court found the reasoning and findings of *Wilner II* to be directly applicable to the facts presented by *Edge v. C. Tech Collections,* 01 CV 0447, because the defendant's offer of judgment in that case also placed a cap on the amount of costs and attorney's fees that could be awarded. As in *Wilner II,* the offer of judgment offered the statutory maximum of $1000, plus costs and attorney's fees in the specific amount of $2500. Thus, this Court concluded that because the offer of judgment capped costs and attorney's fees,

the defendant did not offer the plaintiff the maximum amount recoverable under the statute.

█ The Court is presented with the same scenario in this case. ABC's offer of judgment was for the statutory maximum of $1000, plus costs and attorney's fees in the specific amount of $500. As aptly pointed out in *Wilner II,* which this Court followed in *Edge,* attorney's fees and costs provided for by the FDCPA are integral to that statute. Therefore, an offer of judgment that caps those costs and fees, does not represent more money than the plaintiff could have received under the statute. *See Wilner II,* 201 F.R.D. at 323. As such, ABC's offer of judgment, which did cap those costs and fees, did not offer the maximum amount the plaintiff could recover under the statute. Accordingly, the plaintiff still has a personal stake in the matter, and a case or controversy remains. *See Ambalu,* 194 F.R.D. at 453. ABC's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

## B. The Motion for Class Certification

█ Rule 23 permits certification of a class only if the following four prerequisites have been met:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Once these criteria—numerosity, commonality, typicality, and adequacy of representation—have been satisfied, a class will be certified if it meets one of the three conditions imposed by Fed.R.Civ.P. 23(b): (1) separate actions would create a risk of inconsistent adjudications; (2) injunctive or declaratory relief is sought; or (3) common questions predominate over the individual questions and a class action is superior to other methods of bringing the suit. *See Marisol A. v. Giuliani,* 126 F.3d 372, 375 (2d Cir.1997). The party seeking class certification bears the burden of demonstrating that the class meets the criteria of Rule 23.

 Rule 23(a) requires a finding that the numerosity of injured persons makes joinder of all class members "impracticable." *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). Generally, courts will find a class sufficiently numerous when it comprises forty or more members. *See id.* at 936. A plaintiff need not provide "a precise quantification of their class," and courts may "make common sense assumptions" to support a finding of numerosity. *Pecere v. Empire Blue Cross and Blue Shield,* 194 F.R.D. 66, 69 (E.D.N.Y.2000). Nevertheless, a plaintiff seeking class certification " 'must show some evidence of or reasonably estimate the number of class members.' " *Pecere,* 194 F.R.D. at 69 (quoting *LeGrand v. New York City Trans. Auth.,* 1999 WL 342286 *3 (May 26, 1999)).

 Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails. *See Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir.1968); *Reese v. Arrow Financial Servcs. LLC,* 202 F.R.D. 83 (D.Conn.2001) (holding that "bare assertions of numerosity are insufficient" and the plaintiff must "reasonable estimate or provide some evidence of the number of class members"); *Wilner,* 198 F.R.D. at 396 (finding that the plaintiff did not meet his burden of establishing numerosity where he did not include "one iota" of evidence as to the number of people who received a collection letter from the defendant); *Davidson v. Yeshiva Univ.,* 555 F.Supp. 75, 77 (S.D.N.Y.1982) ("When a plaintiff fails to aver, much less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed.").

Weissman argues that she has met her burden of establishing numerosity by the simple fact that she is "complaining of a standard form letter." The Court finds this argument to be one of pure speculation unsupported by a single factual allegation. Weissman does not even allude to the basis from which to estimate how many consumers received similar notices. The plaintiff has not presented a shred of evidence that would help her provide a reasonable estimate, much less provide that estimate herself. *See Pe-*

*cere,* 194 F.R.D. at 69 (plaintiff must provide at least a reasonable estimate of the number of class plaintiffs); *Reese,* 202 F.R.D. 83 (same).

Contrary to the plaintiff's assertion, it is not reasonable to infer the size of a proposed class from the mere fact that the action is based on a form. This Court will not engage in the kind of speculation requested by the plaintiff. Accordingly, the Court finds that the plaintiff has failed to meet her burden of putting forth some evidence or of reasonably estimating the number of class members. *See Demarco,* 390 F.2d at 845; *Pecere,* 194 F.R.D. at 69 (quoting *LeGrand v. New York City Trans. Auth.,* 1999 WL 342286 *3 (May 26, 1999)). The motion for class certification is denied.

### III. *CONCLUSION*

Having reviewed the submissions of the parties, and based on the foregoing, it is hereby

**ORDERED,** that the motion by the defendant to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is **DENIED;** and it is further

**ORDERED,** that the motion by the plaintiff for class certification is **DENIED;** and it is further

**ORDERED,** that counsel for the parties are directed to contact United States Magistrate Judge Lindsay forthwith to proceed with discovery.

**SO ORDERED.**