James EDGE, on behalf of himself
and all others similarly
situated, Plaintiff,

v.

**C. TECH COLLECTIONS,
INC., Defendant.**

No. CV01–0447(ADS)(MLO).

United States District Court,
E.D. New York.

Sept. 22, 2001.

Lax & Noll, New York City, by Jerome Noll, for the plaintiff.

Ohrenstein & Brown, LLP, Garden City, New York City, by Geoffrey W. Heineman, and Melissa C. Shea, of counsel, for the defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

James Edge ("Edge" or the "plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, alleging that language in a debt collection letter defendant C. Tech Collections, Inc. ("C. Tech" or the "defendant") sent to him violates the FDCPA. Presently before the Court are: (1) a motion by the plaintiff to certify the proposed class and (2) a motion by the defendant to compel the plaintiff to accept its offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed.R.Civ.P.

## I. BACKGROUND

The following facts are taken from the complaint and the exhibits attached to it. On or about January 22, 2000, C. Tech mailed a letter to Edge demanding that Edge pay a bill in the amount of $100 for services rendered by Orlin & Cohen Orthopedics Associates. On or about February 1, 2000, C. Tech mailed a second notice to Edge demanding that the bill from Orlin & Cohen Orthopedics be paid. That second notice to Edge included the following sentence: "Furthermore, you have not written or called to explain your reason for non-payment or to propose a reasonable repayment schedule."

Edge claims that this sentence violates the FDCPA because under the statute, during the 30 days following receipt of an initial collection letter, a consumer can cease all contact with the collection agency or dispute the debt without providing a reason for non-payment. Edge argues that C. Tech's February 1, 2000 letter violates the FDCPA because it requires him to take one of two courses within the alleged 30–day "cooling off period": he either must pay the debt in full or provide C. Tech with a reason for non-payment. For this violation Edge seeks the maximum amount of statutory damages, costs, and attorney's fees; a preliminary and permanent injunction that would prohibit C. Tech from engaging in practices that violate the FDCPA; and a declaratory order requiring C. Tech to make correction disclosures.

Edge filed the complaint on January 25, 2001. In a letter dated March 2, 2001, C. Tech made an offer of judgment pursuant to Rule 68 of the Fed.R.Civ.P. In particular, C. Tech, through its attorneys, offered Edge damages in the amount of $1000 plus the sum of $2500 representing costs and reasonable attorney's fees incurred through the date of the letter. Edge did not respond to the offer of judgment. Instead, in papers filed on March 9, 2001, Edge moved for class certification. C. Tech filed papers in opposition to the motion for class certification and cross-moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Both motions are presently before the Court.

## II. DISCUSSION

### A. The Motion to Dismiss

C. Tech argues that Edge's complaint should be dismissed because its Rule 68 offer of judgment renders Edge's claim moot. C. Tech further argues that the entire complaint should be dismissed, because the class representative's claim has been mooted before certification.

Rule 68 provides, in relevant part, that a defendant "may serve upon [a plaintiff] an offer to allow judgment to be taken against the [defendant] for the money ... specified

in the offer, with costs then accrued." If the offer is accepted, judgment is entered against the defendant. If the offer is not accepted, it is deemed withdrawn. Importantly, if the judgment the plaintiff ultimately obtains "is not more favorable" than the defendant's offer, the plaintiff "must pay the costs incurred after making the offer."

Section 1692k of the FDCPA limits the liability of a "debt collector" to (1) actual damages sustained by the plaintiff; (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) the "costs of the action, together with a reasonable attorney's fee as determined by the court." Edge apparently has not suffered any actual damages and, in fact, requests only that he be awarded statutory damages. Thus, the maximum amount of money Edge could recover is $1000 plus costs of the suit and a reasonable attorney's fee.

 As Judge Nickerson pointed out in *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y.2000), when a defendant offers "all that [a plaintiff] could hope to recover through [the] litigation, 'there is no justification for taking the time of the court and the defendant in the pursuit of [a] minuscule claim[ ] which defendant has ... satisfied.'" *Id.* at 453 (quoting *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir.1983)). In such a case, the "personal stake," or legally cognizable interest the plaintiff has in the case is absent. *See Ambalu*, 194 F.R.D. at 452 (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.")). When the case lacks a legally cognizable interest, a justiciable case or controversy no longer exists, and thus, the case should be dismissed for lack of subject matter jurisdiction. *See Abrams*, 719 F.2d at 32; *see also, S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (2d Cir.1994) ("A federal court may only be called upon to adjudge the legal rights of litigants in actual controversies."); *Ambalu*, 194 F.R.D. at 452.

In *Ambalu*, the defendant served a Rule 68 offer of judgment, offering the sum of $1000, plus costs of the action and a reasonable attorney fee. *See Ambalu*, 194 F.R.D. at 452. The Court noted that this offer of judgment provided the maximum statutory relief under the FDCPA and therefore concluded that the plaintiff no longer had a personal stake in the case. *See id.* at 452–53. Accordingly, the Court found that it lacked subject matter jurisdiction and entered judgment against the defendant in accordance with its Rule 68 offer of judgment.

In reaching this conclusion, Judge Nickerson specifically held that a Rule 68 offer of judgment applies in a class action case in which the class has not been certified and, in fact, no motion for certification has been made. *See id.* at 453. The Court further found that its conclusion was not altered by the fact that the offer of judgment did not propose to compensate the entire class. *See id.* at 453. The Court reiterated the fact that the class had not been certified, and "[i]f a named representative's claim become moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction." *Id.* at 453 (citing *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 850, 43 L.Ed.2d 74 (1975)).

In *Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393, 394 (S.D.N.Y.2001), Judge McMahon wrote that she "agree[s] wholeheartedly with Judge Nickerson's reasoning." *See id.* at 395. However, the Court stated that the facts presented by *Wilner* were different from those presented in *Ambalu* in several respects. *See id.* at 395–96.

The most significant difference between *Wilner* and *Ambalu*, and the difference most relevant to this case, is the fact that in *Wilner*, the plaintiff moved for class certification well before the defendant's offer of judgment; whereas, in *Ambalu*, the plaintiff had not moved for class certification when the defendant made its offer of judgment. *See Wilner*, 198 F.R.D. at 395–96; *Ambalu*, 194 F.R.D. at 452–53. Judge McMahon noted that issues of mootness and class certification can be "inextricably interwoven" and, therefore, proceeded to decide the motion for class certification. *See Wilner*, 198 F.R.D. at 396.

Finding that the plaintiff had failed to meet the numerosity requirement, the Court denied the motion for class certification and dismissed the complaint for lack of subject matter jurisdiction based on the reasoning set forth in *Ambalu. See id.* at 396–97.

Shortly after the decision in *Wilner,* Judge Glasser issued an order in *Tratt v. Retreival Masters Creditors Bureau, Inc.,* 2001 WL 667602 (E.D.N.Y. May 23, 2001). Like *Ambalu* and *Wilner, Tratt* was a class action lawsuit seeking damages based on violations of the FDCPA. *See id.* at *1. On December 12, 2000, the defendant served an offer of judgment on the plaintiff for the sum of $1000 plus costs and attorney's fees. *See id.* The plaintiff rejected the defendant's offer and on December 20, 2000 served a notice of motion for class certification but failed to file the motion papers. *See id.* Judge Glasser found that the precise issue presented in *Tratt* was presented to Judge Nickerson in *Ambalu. See id.* at *2. Judge Glasser "adopt[ed] Judge Nickerson's opinion as being entirely dispositive" and dismissed the case for lack of subject matter jurisdiction. *See id.*

Approximately one month after the decision in *Tratt,* Judge McMahon granted the plaintiff's motion for reconsideration in *Wilner. See Wilner v. OSI Collection Services, Inc. (Wilner II),* 201 F.R.D. 321, 323 (S.D.N.Y.2001). Judge McMahon noted that OSI's offer of judgment was for the sum of $3000, which was inclusive of all legal fees, disbursements and costs. *See Wilner II,* 201 F.R.D. at 323. The Court distinguished this offer from the one made in *Ambalu,* where the defendant's offer of judgment was for $1,000, the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court. *Id.* (quoting *Ambalu,* 194 F.R.D. at 452). Judge McMahon concluded that "[b]y setting a cap on the total amount awarded, OSI clearly did not offer more than plaintiff could have received under the statute, with respect to the costs and attorney's fees." *Id.* at 323. Citing this Court's decision in *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61 (E.D.N.Y.1994), Judge McMahon held that "the availability of attorney's fees and costs

is ... integral to the statute on which plaintiff brings suit." *Wilner II,* 201 F.R.D. at 323. Therefore, the Court found that the defendant's offer of judgment, which capped those costs and fees, did not constitute more than Wilner could have received under the statute. *Wilner II,* 201 F.R.D. at 323. Accordingly, Wilner's claim could not be considered moot. *See id.* at 323. *Wilner II* is entirely consistent with *Ambalu* and *Tratt,* because in the two latter cases, the defendants respective offers of judgment were for the sum of $1000 plus attorney's fees and costs, the full amount the plaintiff could receive under the statute. *See Tratt,* 2001 WL 667602 at *1; *Ambalu,* 194 F.R.D. at 452.

This Court joins Judges McMahon and Glasser in wholeheartedly agreeing with the sound reasoning of Judge Nickerson in *Ambalu.* However, the facts of this case parallel those presented in *Wilner.* C. Tech's offer of judgment was for the sum of $1000 plus attorney's fees and costs in the amount of $2500 for a total offer of $3500. As aptly pointed out in *Wilner II,* the attorney's fees and costs provided for by the FDCPA are integral to that statute. Therefore, an offer of judgment that caps those costs and fees cannot represent more money than the plaintiff could receive under the statute. *See Wilner II,* 201 F.R.D. at 323. Because C. Tech's offer of judgment caps the costs and attorney's fees, it is not offering the maximum amount Edge could recover under the statute. Accordingly, Edge still has a personal stake in the litigation, which therefore is not moot. *See Ambalu,* 194 F.R.D. at 453. Because a case or controversy *still* remains, C. Tech's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) is denied.

## B. The Motion for Class Certification

■ Rule 23 permits certification, of a class only if the following four prerequisites have been met:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Once these criteria—numerosity, commonality, typicality, and adequacy of representation—have been satisfied, a class will be certified if it meets one of the three conditions imposed by Fed.R.Civ.P. 23(b): (1) separate actions would create a risk of inconsistent adjudications; (2) injunctive or declaratory relief is sought; or (3) common questions predominate over the individual questions and a class action is superior to other methods of bringing the suit. *See Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir.1997). The party seeking class certification bears the burden of demonstrating that the class meets the criteria of Rule 23.

■■■ Rule 23(a) requires a finding that the numerosity of injured persons makes joinder of all class members "impracticable." *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). Generally, courts will find a class sufficiently numerous when it comprises forty or more members. *See id.* at 936. A plaintiff need not provide "a precise quantification of their class," and courts may "make common sense assumptions" to support a finding of numerosity. *Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y.2000). Nevertheless, a plaintiff seeking class certification " 'must show some evidence of or reasonably estimate the number of class members.' " *Pecere*, 194 F.R.D. at 69 (quoting *LeGrand v. New York City Trans. Auth.*, 1999 WL 342286 *3 (May 26, 1999)). Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails. *See Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir.1968); *Reese v. Arrow Financial Servcs. LLC*, 202 F.R.D. 83, 2001 WL 901280 (D.Conn. June 14, 2001) (holding that "bare assertions of numerosity are insufficient" and the plaintiff must "reasonable estimate or provide some evidence of the number of class members"); *Wilner*, 198 F.R.D. at 396 (finding that the plaintiff did not meet his burden of establishing numerosity where he did not include "one iota" of evidence as to the number of people who received a collection letter from the defendant); *Davidson v. Yeshiva Univ.*, 555 F.Supp. 75, 77 (S.D.N.Y. 1982) ("When a plaintiff fails to aver, much

less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed.").

■■■ The Court finds that Edge has not met his burden of establishing numerosity. In his complaint, Edge alleges that the class consists of the "hundreds of persons [who] have received debt collection notices from the defendant which violate various provisions of the FDCPA." In his motion for class certification, Edge speculates that because the defendant is an established collection agency, it has "almost certainly sent out hundreds if not thousands of letters similar to the letter sent to Plaintiff."

The plaintiff's allegations of numerosity are pure speculation unsupported by a single factual allegation. Edge does not even allude to the basis from which to estimate how many consumers received similar notices, except to state that the defendant is "an established collection agency." Notably, it would be virtually impossible for Edge to support his bare assertions with evidence, given that he filed the motion for class certification before any discovery was conducted. The plaintiff urges the Court to make the "common sense assumption" that joinder would be impracticable. Such a conclusion would be a leap of faith based on pure speculation, not a common sense assumption. Accordingly, the Court finds that the plaintiff has failed to meet his burden of putting forth some evidence or of reasonably estimating the number of class members. *See Demarco*, 390 F.2d at 845; *Pecere*, 194 F.R.D. at 69 (quoting *LeGrand v. New York City Trans. Auth.*, 1999 WL 342286 *3 (May 26, 1999)). The motion for class certification is denied.

## III. CONCLUSION

Having reviewed the submissions of the parties, and based on the foregoing, it is hereby

**ORDERED,** that the defendant's motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) is **DENIED;** and it is further

ORDERED, that the plaintiff's motion for class certification is DENIED; and it is further

ORDERED, that counsel are directed to contact United States Magistrate Judge Orenstein forthwith to conduct discovery.

SO ORDERED.