**Theresa MAILLOUX, on behalf of herself and all other similarly situated, Plaintiffs,**

v.

**ARROW FINANCIAL SERVICES, LLC, Defendant.**

**No. Civ.A. 01–CV–2000.**

United States District Court, E.D. New York.

Nov. 7, 2001.

Brian L. Bromberg, Brian L. Bromberg, P.C., New York City, Lance A. Raphael, Stacy M. Bardo, The Consumer Advocacy Center, P.C., Chicago, IL, Christopher V. Langone, The Langone Law Firm, Chicago, IL, for plaintiff.

Robert P. Lewis, Brent A. Hannafan, Baker & McKenzie, New York City, Peter J. Gillespie, Michael J. Wagner, Baker & McKenzie, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

Plaintiff Theresa Mailloux ("Mailloux"), on behalf of herself and all others similarly situated, brought an action against Arrow Financial Services, LLC ("Arrow") claiming unfair, deceptive and illegal debt collection activities, namely Arrow's uniform practice of sending form collection letters, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff now moves to certify a plaintiff class defined as follows:

All consumers who, according to Defendant's records, reside in the State of New York and were sent a letter: (a) within one year of the date of this action; (b) bearing Defendant's letterhead; (c) that contained text materially identical to the text contained in the form sent to the Plaintiff on or about May 16, 2000; and (d) the letter was not returned by the postal service as undelivered.

Pl. Mot for Class Cert. at 2. Arrow opposes certification.

## Background

In considering a motion for class certification, a court must assume the truth of the plaintiff's allegations. *See Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661, n. 15 (2d Cir.1978); *Ventura v. New York City Health and Hosp. Corp.*, 125 F.R.D. 595, 598 (S.D.N.Y.1989); *DeAllaume v. Perales*, 110 F.R.D. 299, 305 (S.D.N.Y. 1986) ("for purposes of determining class certification issues, the allegations are taken as true and the merits of the complaint are not examined.") Accordingly, below are the relevant facts as plaintiff alleges them to be.

Arrow is a collection agency with corporate headquarters in Illinois. *See* Pl. Compl. at 1. On May 16, 2000, Arrow sent a letter to Mailloux attempting to collect an alleged consumer debt from her. *See id.* at 2. The letter stated in pertinent part:

> Your account is currently being investigated to determine what action will be necessary to recover the past due balance of $3,634.68 due our client Sears. This review may include the following: (1) your source of income, (2) your savings and available checking balance, (3) verification of employment, (4) real estate ownership and equity, (5) automobile ownership, (6) personal assets.

*See id.*

Plaintiff seeks the certification of a class to include those consumers that reside in the State of New York who were sent letters materially identical to the one received by Mailloux.

## Discussion

### (1)

In order to certify a class, a litigant must satisfy the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure and demonstrate that the proposed class action fits into one of the three categories described in Rule 23(b). *See Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir.1968). Although the plaintiff bears the burden of proving that its proposed class is appropriate for certification, *see Harrison v. Great Springwaters of America*, 1997 WL 469996, at *3 (E.D.N.Y. June 18, 1997), the plaintiff is not obliged to make an extensive evidentiary showing in support of its motion. *See Follette v. Vitanza*, 658 F.Supp. 492, 505 (N.D.N.Y.1987), *vac'd in part on other grounds* 671 F.Supp. 1363 (S.D.N.Y.1986).

In pertinent part, Rule 23(a) of the Federal Rules of Civil Procedure provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Each of these requirements will be addressed in turn.

First, the numerosity requirement is satisfied when the class is numerous enough to make ordinary joinder of all members impractical. The plaintiff is not obligated to identify the exact number of class plaintiffs. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). "[A] class action may proceed upon estimates as to the size of the proposed class," *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y.1982), and "courts may 'make common sense assumptions' to support a finding of numerosity." *Weissman v. ABC Fin. Serv., Inc.*, 203 F.R.D. 81, ——, 2001 WL 1141332 at *3 (E.D.N.Y. Sept.22, 2001) (quoting *Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y.2000)). However, a

plaintiff seeking class certification bears the burden to show some evidence or reasonable estimate of the number of class members. *See id.* at ——, 2001 WL 1141332 *4. Generally, "numerosity is presumed at a level of 40 members." *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995).

■ In the case at bar, Mailloux points to the following for support: (1) defendant used a form letter to collect debt, (2) according to Arrow's 1998 press release, Arrow attempts to collect over $1.5 billion in debt each year, and (3) Arrow has over 700 employees in its executive offices located in Garden City, New York. By itself such evidence is not sufficient to support the finding of numerosity. *See Wilner v. OSI Collection Servs., Inc.,* 198 F.R.D. 393, 397 (S.D.N.Y.2001) (under similar circumstances, the court found that "absent one iota of evidence as to the number of people who may have received such a letter from [the defendant]," the plaintiff has failed to meet his burden of establishing numerosity). However, the record indicates that, subsequent to filing of this motion, Arrow admitted to approximately 5,000 consumers receiving a letter substantially similar or materially identical to the letter at issue. *See* Mailloux Aug. 29 Letter. Consequently, considering that admission, the requirement of numerosity in this case.

■ Second, to satisfy the requirement of commonality, the plaintiff must demonstrate that common questions of law or fact are at the core of the cause of action alleged by the plaintiff. "In cases like this one 'where FDCPA plaintiffs have received similar debt collection letters from the defendant['s] mailing as the basis of the lawsuit, courts have found common questions of law or fact sufficient to certify the class.'" *Harrison,* 1997 WL 469996, at *3 (quoting *D'Alauro v. GC Servs. Ltd.,* 168 F.R.D. 451, 456 (E.D.N.Y. 1996)). Here, the illegality of the collection letter sent to all of the prospective class members is at the core of Mailloux's compliant. Thus, the commonality requirement is met.

■ Third, plaintiff must demonstrate typicality. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert,* 960 F.2d 285, 291 (2d Cir.1992). Minor variations among individual plaintiffs' fact patterns do not undermine the typicality requirement. *See Robidoux,* 987 F.2d at 936–937.

Mailloux claims that the typicality requirement is met here because each of the potential class members received virtually identical form collection letters and their claims arise from the same practices of defendant that gave rise to her claims. Arrow's response is that Mailloux failed to meet the commonality and typicality requirements because individual issues predominate in this case. In particular, defendant argues that the "court will be required to make an individual factual determination regarding Arrow's intended investigation with respect to each putative class member before determining whether Arrow's letter violates the FDCPA." D.Mem. in Oppos. at 11.

However, a careful examination of FDCPA law supports a contrary conclusion. The FDCPA protects consumers from abusive and deceptive practices by debt collectors and protects non-abusive debt collectors form competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of "any false, deceptive, or misleading representation or means" in debt collection, and provides a non-exhaustive list of prohibited conduct. *Id.* Conduct relevant to this case is prohibited by subsection (5) of § 1692e, which makes "the threat to take any action that cannot legally be taken or that is not intended to be taken" illegal *Id.* In turn, section 1692c(b), prohibits a communication by a debt collector "with any person other than the consumer, his attorney, a consumer reporting agency . . . , the creditor, the attorney of the creditor, or the attorney of the debt collector." Thus, the letter in question allegedly violates § 1692e(5) by threatening to take action prohibited under § 1692c(b).

"[C]ollection notices violate § 1692e(5) if (1) a debtor would reasonably believe that the notices threaten legal action; and (2) the debt collector does not intend to take legal action." *United States v. National Fin.*

*Servs., Inc.,* 98 F.3d 131, 135 (4th Cir.1996). While it is true that "the debtor's understanding of the communication is clearly relevant" to the first part of the inquiry, *Swanson v. Southern Oregon Credit Serv.,* 869 F.2d 1222, 1227 (9th Cir.1988), most courts, as well as the Second Circuit, have adopted a "least sophisticated consumer" standard in evaluating violations of § 1692e. *See Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993); *see also National Fin. Servs., Inc.,* 98 F.3d at 135–136 (citing *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1028 (6th Cir.1992); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991); *Jeter v. Credit Bureau,* 760 F.2d 1168, 1172–75 (11th Cir.1985)). Since the "least sophisticated consumer" standard is an objective standard, *see Clomon,* 988 F.2d at 1318, the court will not have to make an individual determination of each potential class member's subjective understanding of the letter in question. Moreover, the determination of the defendant's intent to take any action as to each potential class member is unnecessary because Arrow violated the first part of § 1692e(5) by threatening to "take [an] action that cannot legally be taken." 15 U.S.C. § 1692e(5). Consequently, the typicality requirement has been satisfied.

Finally, to satisfy the fourth requirement of Rule 23(a), plaintiff must demonstrate that "the representative part[y] will fairly and adequately protect the interests of the class." The "adequate representation" inquiry has two prongs. "first, class counsel must be qualified, experienced and generally able to conduct the litigation. Second, the class members must not have interests that are antagonistic to one another." *Harrison,* 1997 WL 469996, at *5 (quoting *D'Alauro,* 168 F.R.D. at 457). "A number of courts that have considered ... FDCPA class actions challenging form collection letters have found named plaintiffs who received versions of the challenged collection letters to be adequate class representatives for purposes of Rule 23(a)(4)." *Id.* at *6 (citing *Colbert v. Trans. Union Corp.,* 1995 WL 20821 (E.D.Pa. Jan.12, 1995); *Carr v. Trans Union Corp.,* 1995 WL 20865 (E.D.Pa. Jan.12, 1995); *Beasley v. Blatt,* 1994 WL 362185, at *4. (N.D.Ill. July 11, 1994)).

Plaintiff contends that there is no conflict or antagonism between plaintiff and the potential class members. *See* Pl. Mot. for Class Cert. at 8. As far as the class counsel is concerned, plaintiff asserts that they are "active practitioners whose experience, diligence, and commitment to this litigation will more than adequately protect interests of the class." *Id.* at 7. Since Arrow has not raised any issue concerning the adequacy of either the class representative or class counsel and there is no reason to question plaintiff's assertions, Mailloux satisfied the adequacy of representation requirement.

(2)

In addition to satisfying the requirements of Rule 23(a), a potential class action must qualify under one of the categories set fourth in Rule 23(b). Plaintiff relies on Rule 23(b)(3), which allows class certification if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Plaintiff contends that both prongs of the (b)(3) category of Rule 23 are satisfied here. First, Mailloux maintains that because "the document is the crux of the case," the predominance of common question of law or fact exists. *Id.* at 9. In response, Arrow argues that Mailloux has failed to meet that standard because individual issues predominate in this case. This is same argument Arrow advanced in attempt to challenge the commonality and typicality requirements of Rule 23(a). For the reasons previously discussed, this argument fails. Moreover, it has been recognized in this district that "common questions of law and fact surrounding the contents and mailing of\ [standardized form collection] letters predominate over individual issues." 1997 WL 469996, at *9 (quoting *D'Alauro,* 168 F.R.D. 451, 458). Consequently, the first prong of Rule 23(b)(3) is satisfied in this case.

Second, Mailloux contends that a class action is the superior method for resolv-

ing the controversy presented in this case because "class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws" and because "no significant management problems are anticipated." Pl. Mem. for Class Cert. at 10. In response, Arrow argues that a class action is not a superior method of adjudication because the identical claim has been previously filed in the Northern District of Illinois.

Although it is true that courts usually deny statewide as opposed to nationwide class certification under Rule 23(b)(3) on the theory that a class action is not a superior method of adjudication in consumer cases brought under the Cable Act, see Parker v. Time Warner Entertainment Co., 198 F.R.D. 374 (E.D.N.Y.2001) (a class action is not the superior method for addressing a violation of § 551 of the Cable Act), and the Truth–In–Lending Act ("TILA"), see Wilson v. American Cablevision of Kansas City, 133 F.R.D. 573 (W.D.Mo.1990) (courts considering motions to certify 23(b)(3) class action in TILA cases have denied 23(b)(3) certification where (i) plaintiff's claims were based upon technical violations of disclosure requirements; (ii) no claim for actual damages was made; and, (iii) where liquidated damages, if awarded to a large potential plaintiff class, would result in a punishment to the defendant that is disproportionate to the harm suffered by the plaintiffs), the consumer cases brought under the FDCPA have received a different treatment.

The Seventh Circuit concluded in Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir.1997), that the language of FDCPA does not support the conclusion that the statute requires nationwide class certification. The court noted that the absence of the language applying the damage cap to a "series of class actions" and FDCPA's objective of curbing abusive debt collection practices distinguishes it from TILA. Id. at 343. Moreover, the court identified several problems arising from requiring nationwide class certification in FDCPA cases, including "a short, one-year statute of limitations making multiple lawsuits more difficult" and the problem of de minimis recovery. Id. at 344. Subsequent-

ly, the District Court of Connecticut adopted the Mace reasoning and certified a class where the plaintiff was seeking to limit it to a specific geographic area. See Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 57 (D.Conn.2000). The court reasoned that "such a class will be more easily managed..., and to the extent testimony of individuals is needed in the damages phase, concentrating the litigation in this District will assist [the] residents who might otherwise be unwilling to travel to distant fora for a relatively small sum." Id. Moreover, this district has recognized that "while a class may be national in scope, the plain meaning of the FDCPA does not require that the largest potential class be certified." D'Alauro, 168 F.R.D. at 455. "[A]n FDCPA class need not include all potential plaintiffs and may be limited geographically consistent with the legislative intent of the FDCPA." Id. Thus, the conclusion that the class of New York State consumers should not be certified because a single action brought under the FDCPA based on identical collection letter was previously filed in Illinois does not find support in the law. Accordingly, since Arrow does not challenge the "superior method of litigation" requirement on any other ground, this class action qualifies under Rule 23(b)(3).

### Conclusion

Having satisfied the Rule 23(a) requirements of numerosity, commonality, typicality and adequate representation and having qualified under the Rule 23(b)(3) category, plaintiff class is certified, and the following class definition is adopted:

> All consumers who, according to Defendant's records, reside in the State of New York and were sent a letter: (a) within one year of the date of this action; (b) bearing Defendant's letterhead; (c) that contained text materially, identical to the next contained in the form sent to the Plaintiff on or about May 16, 2001; and (d) the letter was not returned by the postal service as undelivered.

SO ORDERED