**Joyce HUNTLEY on behalf of herself and others similarly situated,**
Plaintiff,

v.

**LAW OFFICE OF RICHARD CLARK, PLLC, Defendant.**

No. 08–CV–4145 (ADS)(MLO).

United States District Court, E.D. New York.

Oct. 23, 2009.

**204**

Adam J. Fishbein, Esq., Cedarhurst, NY, for Plaintiff.

Michael G. McAuliffe, Esq., Melville, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

ARTHUR D. SPATT, District Judge.

On October 9, 2008, Joyce Huntley ("the Plaintiff") filed a complaint on behalf of herself and others similarly situated against The Law Office of Richard Clark, PLLC ("the Defendant"), alleging that one of the Defendant's employees made threatening phone calls to her and other consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Presently before the Court is the Plaintiff's motion for class certification. For the reasons that follow, the Plaintiff's motion is denied.

## I. BACKGROUND

The Defendant law firm engages in debt collection for clients in several states, including New York. The Plaintiff alleges that Shirley Bratton ("Bratton"), one of the Defendant's former employees, made a harassing phone call to her on October 23, 2007 in which Bratton threatened that if she did not submit a payment via Western Union, the Defendant would garnish her wages. The Plaintiff alleges that, in doing so, the Defendant violated various provisions of the FDCPA.

Bratton was employed by the Defendant from April 16, 2007 until October 29, 2007. It is undisputed that her only job duty consisted of contacting consumers and requesting payment of past due debts. The Plaintiff alleges that, based upon the duration of her employment and the nature of her duties, it can be inferred that Bratton must have made numerous harassing and threatening calls to other consumers. Thus, in addition to seeking actual and statutory damages arising from the October 23, 2007 phone call, the Plaintiff has sought to certify a class that includes:

> all persons whom Defendant's records reflect resided in the State of New York and who were threatened with unlawful wage garnishment by debt collector Shirley [Bratton] during a telephone call within one year prior to the date of the within complaint up to the date of the filing of the complaint [where:] (a) the telephone call was placed to a consumer seeking payment of a consumer debt; and (b) [the] telephone call was in violation [of] 15 U.S.C. § 1692d, 1692e(5) and 1692e(10).

The only issue presently before the Court is whether class certification pursuant to Fed.R.Civ.P. 23 is appropriate in this case.

## II. DISCUSSION

### A. Legal Standard—Fed. R. Civ. P. 23

In determining whether to certify a putative class, courts are guided by the requirements of Fed.R.Civ.P. 23. Fed.R.Civ.P. 23(a) provides that class certification is appropriate only where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

██ If a court determines that the requirements of Fed.R.Civ.P. 23(a) have been met, it must then decide whether the class complies with one of the subsections of Fed. R.Civ.P. 23(b). Where, as here, a putative class seeks certification pursuant to Fed. R.Civ.P. 23(b)(3), plaintiffs must show that: (1) questions of law or fact common to class members predominate over any questions affecting individual members; and (2) the class action device is superior to any other method of adjudication. *See* Fed.R.Civ.P. 23(b)(3); *In re Initial Public Offerings Securities Litigation*, 471 F.3d 24, 41 (2d Cir.2006).

██ A district court may only certify a class "after making determinations that each of the Rule 23 requirements has been met."

*In re Initial Public Offerings Securities Litigation,* 471 F.3d at 41. This determination entails a "rigorous analysis," designed to ensure "actual, not presumed conformance," with Fed.R.Civ.P. 23. *Id.* at 33 (quoting *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 160–61, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Ultimately, the putative class carries the burden to establish the various requirements of Fed.R.Civ.P. 23 by a preponderance of the evidence. *See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202 (2d Cir.2008).

**B. The Plaintiff's Motion for Class Certification**

 Fed.R.Civ.P. 23 requires a plaintiff to show that the putative class "is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a). Generally, courts in the Second Circuit will find a class sufficiently numerous when it comprises forty or more members. *See Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995). Here, the Plaintiff contends that, given the duration of Bratton's employment and the nature of her job as a debt collector, it can be inferred that Bratton must have made numerous harassing and threatening calls to other consumers. This argument simply does not follow.

There is no evidence in the record—other than the Plaintiff's speculative allegation—to suggest that other consumers received threatening phone calls by Bratton. Although it is certainly reasonable to assume that Bratton made hundreds and perhaps thousands of phone calls during her tenure with the Defendant, the Court is unwilling to take the considerable leap that a sufficient number of consumers received calls that violated the FDCPA.

This Court rejected a similar, if not stronger argument in *Weissman v. ABC Financial Services, Inc.,* 203 F.R.D. 81, 84 (E.D.N.Y. 2001) (Spatt, J.). In that FDCPA case, a plaintiff seeking class certification argued that she satisfied the numerosity requirement solely on the basis that the debt collection letter she complained of was a standard form letter that must have been sent to other consumers. *Id.* The Court found, contrary to the plaintiff's deduction, that it was not reasonable to draw inferences about the size of the putative class simply because the letter complained of was a standard form used by the debt collector. *Id.*

 Here, the Plaintiff cannot establish the numerosity requirement on the strength of the bare and speculative allegation that, because Bratton made a threatening phone call to the Plaintiff, she must have made similar threatening phone calls to other consumers. *See Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir.1968) (denying class certification where the evidence of numerosity was purely speculative); *Reese v. Arrow Fin. Servs., LLC,* 202 F.R.D. 83, 90–91 (D.Conn. 2001) (finding that the numerosity requirement was not met by speculative assertion about the number of class members). With the Plaintiff having failed to establish the numerosity requirement, the Court need not analyze whether the other requirements of Fed.R.Civ.P. 23 have been met. Accordingly, the Plaintiff's motion for class certification is denied.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for class certification is **DENIED.**

**SO ORDERED.**