Deirdre MURPHY, Plaintiff,

v.

**EQUIFAX CHECK SERVICES, INC., Defendant.**

No. 3:96CV2410 (GLG).

United States District Court, D. Connecticut.

Jan. 27, 1999.

Joanne S. Faulkner, New Haven, Connecticut, for plaintiff.

David L. Hartsell, Kilpatrick Stockton LLP, Atlanta, Georgia, Patricia J. Campanella, Robinson & Cole LLP, Hartford, Connecticut, for defendant.

## OPINION

GOETTEL, District Judge.

Plaintiff, Deirdre [1] Murphy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., ("FDCPA"),[2] for defendant, Equifax Check Services, Inc.'s alleged violation of the FDCPA in connection with written communications sent to her in its efforts to collect a consumer debt [3] owed by her to the GAP Stores, a clothing retailer. Defendant does not acknowledge that it violated the FDCPA but, recognizing that the costs of litigation would far exceed the maximum statutory damages that plaintiff could recover,[4] defendant has offered to settle plaintiff's claims for $1,000 plus "all reasonable fees and costs as determined by the Court, pursuant to 15 U.S.C. 1692k(a)(3)." [5] Defendant realized that it cannot prevail in an action of this sort. If it takes the case to trial and obtains a jury verdict (as this defendant did recently in a similar suit brought by plaintiff's attorney), it will have expended far more in its own attorney's fees than it was possibly liable for under the allegations of the complaint.

Plaintiff, through her attorney,[6] rejected this offer, accusing defendant of making this offer as a ploy to avoid her discovery requests and insisting instead on a lump sum offer that would include her attorney's fees.

Defendant has now moved to dismiss plaintiff's claim for lack of subject matter jurisdiction. Defendant contends that, because its offer is equivalent to the total remaining relief available to plaintiff, there is no longer an actual case or controversy, a constitutional prerequisite to this Court's jurisdiction. We agree and grant the defendant's motion to dismiss. We retain jurisdiction of this case, however, to determine the amount of reasonable fees and costs to be awarded plaintiff's counsel.

### Discussion

Article III of the United States Constitution limits the judicial authority of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Because of this constitutional limitation on judicial power, a federal court lacks subject matter jurisdiction over an action unless it presents an actual case or controversy. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (2d Cir.1994) (citations omitted). "A federal court may only be called upon 'to adjudge the legal rights of

1. We are unsure of the correct spelling of plaintiff's name. Plaintiff's counsel spelled plaintiff's name as "Deirdre" in the original complaint, but as "Dierdre" in the amended complaint. Plaintiff's signature on her answers to interrogatories appears to spell her first name "Deidre." We have used the spelling in the original complaint.

2. Plaintiff's original complaint contained a second count under Connecticut's Unfair Trade Practices Act, Conn.Gen.Stat.Ann. §§ 42–110a–q, ("CUTPA"), as to which this Court (Nevas, J.) granted summary judgment in favor of defendant. Ruling on Defendant's Motion for Summary Judgment, dated Aug. 24, 1998.

3. The "debt" was an attempt by defendant Equifax on subrogation to recover the sums it paid to the GAP Stores for guaranteeing a bad check given by plaintiff to the store, plus costs.

4. The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter" may be liable in civil damages to any such person in an amount equal to the sum of: "any actual damages sustained by such person as a result of such failure;" "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;" and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(1), (2)(A), (3). Plaintiff has not alleged any actual damages in this case.

5. Letter from defendant's counsel, David L. Hartsell, to plaintiff's counsel, Joanne S. Faulkner, dated October 6, 1998.

6. We do not know whether this offer was ever communicated to plaintiff by her attorney. The unusual (and questionable) retainer agreement in this case gives plaintiff's counsel the sole authority to decide whether to accept a settlement offer. For purposes of this motion, however, that matter is unimportant.

litigants in actual controversies.'" *Id.* (citing *Liverpool, N.Y. & Philadelphia S.S. Co. v. Commissioners of Emigration,* 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885)). Whenever it appears that the court lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

There is no question that plaintiff's complaint initially satisfied the case-or-controversy requirement of Article III. Defendant could not simply default on the pleadings (which would have created the result defendant now seeks), since the original complaint contained a state-court claim seeking punitive damages. The state claim was dismissed by Judge Nevas on defendant's motion for summary judgment.[7]

■ The constitutional case-or-controversy requirement, however, subsists throughout the entire litigation. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character.…" *Id.* (internal citations and quotations omitted). "[I]t is not enough that a dispute was very much alive when suit was filed.… The parties must continue to have a personal stake in the outcome of the lawsuit." *Id.* at 477–78, 110 S.Ct. 1249 (internal quotations and citations omitted). Thus, the question before us is whether plaintiff, Deirdre Murphy, having been offered the maximum recoverable statutory damages, has an ongoing controversy with defendant Equifax, that is, whether she continues to have a "personal stake in the outcome of th[is] lawsuit." Her only possible remaining interest would be the recovery of attorney's fees and costs, which defendant has offered to pay in an amount to be determined by the Court.

■ The Supreme Court has recently reaffirmed its earlier holdings that an "interest in attorney's fees is … insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1018, 140 L.Ed.2d 210 (1998) (citing *Lewis v. Continental Bank Corp.,* 494 U.S. at 480, 110 S.Ct. 1249); *see also Diamond v. Charles,* 476 U.S. 54, 62, 69–70, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (holding that the party seeking judicial resolution must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct and that an award of fees against a party that cannot fairly be traced to the substantive statute at issue is not sufficient for purposes of Article III). "The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself ." *Steel Co.,* 118 S.Ct. at 1018.[8]

Accordingly, numerous circuit courts have held that a claim for attorney's fees does not avert mootness of the underlying action on the merits. *Didrickson v. U.S. Dept. of Interior,* 982 F.2d 1332, 1339 n. 2 (9th Cir.1992) (holding that liability for fees is not an injury with a nexus to the substantive character of the statute at issue); *S–1 v. Spangler,* 832 F.2d 294, 297 n. 1 (4th Cir.1987) (holding that a claim for attorney's fees did not avert mootness of the underlying action on the merits); *Bagby v. Beal,* 606 F.2d 411, 414 (3d Cir.1979) (holding that an attorney's fee claim did not affect the mootness of the underlying substantive claim on which the parties had reached an agreement); *Doe v. Marshall,* 622 F.2d 118, 119–20 (5th Cir.1980) (same), *cert. denied,* 462 U.S. 1119, 103 S.Ct. 3087, 77 L.Ed.2d 1349 (1983); *Bishop v. Committee on Professional Ethics and Conduct,* 686 F.2d 1278, 1290 (8th Cir.1982) (holding that the dismissal of an appeal of the underlying claim on grounds of mootness was neither precluded by an award of attor-

---

7. *See* note 2, *supra.*

8. In *Steel Co.,* the statute at issue, the Emergency Planning and Community Right–to–Know Act of 1986, 42 U.S.C. § 11001 *et seq.,* provided that:

The court … may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing party or the substantially prevailing party whenever the court determines such an award is appropriate.
42 U.S.C. § 11046(f).

ney's fees nor did such a dismissal preclude an award of fees); *Dahlem v. Board of Education*, 901 F.2d 1508, 1511 (10th Cir.1990) (holding that a claim for attorney's fees does not preserve a moot cause of action).

In each of these cases, however, there had been a settlement of the underlying action, or the substantive claim had become moot by virtue of the actions of one of the parties or by a change of circumstances. In the instant case, there has been no actual settlement of the plaintiff's claim—only an offer to settle.

The Second Circuit has recognized that when a defendant tenders all that a plaintiff could recover if his or her claim were fully litigated, a justiciable case or controversy no longer exists and the case should be dismissed for lack of subject matter jurisdiction. *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir.1983). In *Abrams*, the Second Circuit affirmed the district court's dismissal of an antitrust action after the defendant tendered the damages to which the plaintiffs would have been entitled had they prevailed on their Sherman Act claims—treble damages plus reasonable attorney's fees and costs. The plaintiffs had rejected the offer in part based upon the unspecified amount of the attorney's fees, which they contended would almost certainly be calculated at a fraction of the amount recovered (a relatively minor amount) and, therefore, would not compensate their counsel for time charges already amounting to twenty times defendant's settlement offer. The Second Circuit found this argument unavailing, noting that the district court was not limited in its award of fees to a percentage of the recovery. *Id.* at 32. The Court also noted that there was no danger that plaintiffs' recovery on their individual claims would be diluted by the payment of attorney's fees, since the defendant's offer included payment of reasonable attorney's fees. *Id.* at 33. The Court held that the only interest surviving was "not that of the plaintiffs but of their attorneys." *Id.* The court noted that, in substance, what the defendant did by its offer was no different than if it had submitted to a default judgment on the individual plaintiffs' claims. *Id.* at 32.

Other courts have also upheld dismissals where the defendant agreed to give the plaintiff full relief. In *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir.1986), a plaintiff, who had filed both a shareholder derivative suit and a class action, appealed the district court's denial of class certification as well as its dismissal of her individual claims after the defendants offered judgment in the full amount sought by plaintiff individually. The Court of Appeals affirmed the denial of class certification. With respect to the dismissal of her individual claims, the court held that "[s]ince class certification had been denied, and defendants had offered [plaintiff] the full amount of damages ... to which she claimed individually to be entitled, there was no longer any case or controversy.... [Her] personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum." *Id.* at 390 (internal citations omitted). As to plaintiff's objection to the dismissal on the ground that the defendants did not offer attorney's fees, the court noted that an individual shareholder is not entitled to recover attorney's fees in an individual securities action. *Id.; see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir.1987) (holding that a plaintiff who is offered all of the relief he demands may not refuse the offer and then go to trial); *Cresswell v. Prudential–Bache Securities, Inc.*, 675 F.Supp. 106 (S.D.N.Y. 1987) (granting defendant's motion to dismiss where defendant tendered to plaintiff all of his claimed damages plus pre-judgment interest, the full amount the plaintiff could obtain if he were to prevail on the merits, and rejecting plaintiff's claim that he was entitled to a finding of liability against the defendant).

■ Accordingly, we hold that, having been offered the maximum amount of damages which she was entitled to recover under the FDCPA, plus reasonable attorney's fees and costs, plaintiff no longer has a personal stake in the outcome of this litigation for

purposes of meeting the case-or-controversy requirement of Article III, and her complaint against defendant Equifax should be dismissed. The only interest remaining is that of her attorney. Were this case to proceed to trial, plaintiff could lose, but she could not win more than what is now being offered to her by defendant. Thus, continuing the instant case serves no legitimate purpose whatsoever.

It is apparently plaintiff's counsel's view that she has a right under the FDCPA to continue this action so as to increase her attorney's fees, and that the accrual of such fees, (which will be paid by defendant if she prevails), is consistent with Congressional intent.[9] While we do not profess to understand why the Act refers such small cases to the busy Federal Courts [10] rather than to an administrative body for determination, there is nothing in the Act suggesting that it was intended to create a cottage industry for the production of attorney's fees.[11]

In *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir.1997), the Sixth Circuit addressed the issue of an attorney's interest in a "reasonable" fee award under the FDCPA. The court upheld the district court's decision excluding from an attorney's fee award those fees incurred for work performed after the debt collector made an offer to confess judgment for "everything to which [the plaintiff] could reasonably be considered entitled, including an attorney fee that appeared reasonable in light of the circumstances existing at the time." *Id.* at 305. The court found that it was unreasonable for the plaintiff's attorney to continue to perform work after that offer of judgment was made and, therefore, any fees incurred after that date were necessarily unreasonable. *Id.* at 306, 307.

The court stated, "[i]n directing the courts to award 'reasonable' fees, ... Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary—nothing less, and nothing more." *Id.* at 306–07. Congress "could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well." *Id.* at 306.

Yet, this is precisely what plaintiff's attorney in this case is asking this Court to do—to continue the litigation when there is nothing more that her client could possibly receive, which would not only waste this Court's time, but that of the attorneys and parties, as well. Congress included a fee award for prevailing plaintiffs in the FDCPA, like other consumer protection statutes, to encourage able counsel to undertake FDCPA cases. But, as the Sixth Circuit held in *Lee*, "able counsel should aspire to achieve their clients' objectives economically ... and counsel should not expect to reap financial rewards for prolonging litigation unnecessarily." 109 F.3d at 307. "Defendants, like the courts, have an interest in peace; once there is no more dispute, there is no case. Both the parties and the court may save the costs of litigation." *Alliance to End Repression*, 820 F.2d at 878.

■ Although we are dismissing plaintiff's claims, we retain jurisdiction to decide the amount of a reasonable fee and cost award to be paid by the defendant pursuant to its settlement offer. The attorney's fee issue is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction when the substantive claims are dismissed as moot. *Carter v. Veterans*

---

9. This view may explain the unusual nature of the retainer agreement in this case. *See* note 6, *supra.*

10. Congress may have assumed that litigation would ensue only when the debtor suffered significant damages. The numerous cases brought by plaintiff's counsel rarely demonstrate any actual damages suffered by the plaintiffs.

11. The January 1993 issue of the *ABA Journal* contains an article describing the practice of a solo practitioner in New Mexico, Richard J. Rubin, who handles consumer claims against

abusive debt collectors under the FDCPA. The article reports that Rubin, speaking at a conference of consumer rights lawyers in Boston, "makes no apologies for his tactics, despite his own admission that he relies on technical violations of the law to bring a case, makes arbitrary settlement demands irrespective of damages and earns far more in attorneys' fees than his clients are entitled to collect." Mark Hansen, *When Rubin Sues, Defendants Settle: Unscrupulous debt collectors pay the bills for New Mexico consumer lawyer*, 79 A.B.A.J. 28 (Jan.1993).

*Administration,* 780 F.2d 1479, 1481 (9th Cir.1986).

### Conclusion

Therefore, for the reasons set forth above, the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant, Equifax Check Services, Inc., [**Doc. # 57**] is GRANT-ED. This Court retains ancillary jurisdiction to determine the amount of reasonable attorney's fees and costs to be awarded to Plaintiff. Plaintiff's counsel is directed to file her motion for attorney's fees and costs, with supporting documentation, within thirty (30) days of the date of this ruling. Defendant shall then have twenty-one (21) days to respond, and Plaintiff shall have ten (10) days to submit a reply, if she so desires.

SO ORDERED.