Aaron C. AMBALU, Plaintiff,

v.

Victor E. ROSENBLATT and JDR Recovery Corp., Defendants.

No. 98 CV 7144.

United States District Court,
E.D. New York.

March 17, 2000.

Adam J. Fishbein, Uniondale, NY, for Aaron C. Ambalu, on behalf of himself and all others similarly situated, plaintiff.

Marian C. Rice, L'Abbate, Balkan, Colavita, & Contini, LLP, Garden City, NY, for Victor E. Rosenblatt, defendant.

Kevin Barry McHugh, Jacobowitz, Garfinkel & Lesman, New York City, for JDR Recovery Corp., defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Ambalu brings this class action suit against defendants Rosenblatt and JDR Recovery Corp. ("JDR Recovery") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("Fair Debt Act"), by attempting to collect an outstanding debt using false and deceitful means. Defendant Rosenblatt has moved to compel plaintiff to accept its offer of judgment pursuant to Federal Rule of Civil Procedure 68 and has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I

Plaintiff Ambalu's amended complaint alleges that the defendants used deceptive means to collect from him an alleged debt on a personal credit card. According to the amended complaint, Ambalu received a letter purporting to be signed by Rosenblatt, bearing the letterhead "Victor E. Rosenblatt; Attorney at Law." The letter, among other things, states that "there is due and owing the amount of $584.55 from you to our client" and explains that "we may recommend suit."

Ambalu alleges that Rosenblatt authorized JDR Recovery to mass-produce and mass-mail these debt collection letters on his letterhead and with his signature. He claims that each of these letters, including the one sent to himself, was sent out without prior review by Rosenblatt or any attorney of the creditor's file on the recipient.

Ambalu asks for the maximum amount of statutory damages provided by the Fair Debt Act on behalf of himself and on behalf of a class of similarly situated persons. The class has not yet been certified.

On February 17, 1999, Rosenblatt served on Ambalu a Rule 68 offer of judgment, offering, in accordance with 15 U.S.C. § 1692k(a)(3), one thousand dollars ($1,000), the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court. Rosenblatt states that his offer of judgment represents the maximum amount of statutory damages Ambalu could receive under the Fair Debt Act. Ambalu rejected Rosenblatt's offer.

### II

Rosenblatt argues that Ambalu's complaint should be dismissed because his Rule 68 offer of judgment renders Ambalu's claim moot. It follows from Rosenblatt's argument that the entire case should be dismissed because the class representative's claim has been mooted before certification.

■ A claim becomes moot when " 'the parties lack a legally cognizable interest in the outcome.' " *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969)). "The required legally cognizable interest has . . . been described as a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox v. Board of Trustees,* 42 F.3d 135, 140 (2d Cir.1994). Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed. *Id.*

■ Rosenblatt's Rule 68 offer of judgment does in fact provide the maximum statutory relief obtainable by Ambalu under the Fair Debt Act. Section 1692k(a)(1), (2) and (3) of that Act limits the liability of a "debt collector" to "any actual damage sustained" by the claimant due to the debt collector's violation of the Fair Debt Act, "such additional damages as the court may allow, but not exceeding $1,000," and "costs of the action, together with a reasonable attorney's

fee as determined by the court." Ambalu has not suffered any actual damages so his maximum recovery is $1,000 plus costs of the suit and a reasonable attorney's fee.

Having offered all that Ambalu could hope to recover through this litigation, "there is no justification for taking the time of the court and the defendant in the pursuit of [a] minuscule individual claim[ ] which defendant has ... satisfied." *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir.1983); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Murphy v. Equifax Check Servs., Inc.*, 35 F.Supp.2d 200, 203 (D.Conn.1999) (dismissing plaintiff's Fair Debt Act claim because defendant "agreed to give the plaintiff full relief").

Ambalu responds that a Rule 68 offer of judgment does not apply in a class action context and that Rosenblatt has not offered to compensate the class.

Rule 68, in pertinent part, provides that a defendant "may serve upon the [plaintiff] an offer to allow judgment to be taken against [defendant] for the money ... specified in the offer, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, "[i]f the judgment finally obtained by [plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred after the making of the offer."

As explained by the Supreme Court, the "plain purpose of Rule 68 is to encourage settlement and avoid litigation.... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985). Though plaintiff's arguments may have some validity after class certification, *see, e.g., Gay v. Waiters' and Dairy Lunchmen's Union*, 86 F.R.D. 500, 503 (N.D.Cal. 1980) ("enforcement of Rule 68 may ... conflict with the policies and principles underlying Rule 23"), they do not apply to the present case. No class has been certified and no motion has been made for certification. Therefore nothing prevents the defendant from attempting to facilitate settlement by making a pre-certification Rule 68 offer of judgment.

■ Plaintiff's last argument is that the offer of judgment fails to compensate the entire class. But there is no force to this claim because no class has been certified and plaintiff has not moved for certification since filing this action on November 16, 1998. If a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction. *See Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 850, 43 L.Ed.2d 74 (1975) (per curiam); *see also Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir.1994) ("in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot"); *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2d Cir.1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified.").

## III

Based on the foregoing reasons, plaintiff Ambalu's complaint is dismissed for lack of subject matter jurisdiction and judgment shall be entered against defendant Rosenblatt in accordance with its Rule 68 offer of judgment. This court shall retain jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit.

So ordered.