Neil YATES, III, et al., Plaintiffs,

v.

**APPLIED PERFORMANCE TECHNOLOGIES, INC.,** Defendants.

No. C2–01–765.

United States District Court, S.D. Ohio, Eastern Division.

Jan. 14, 2002.

John William Ferron, Ferron & Associates, Columbus, OH, for plaintiffs.

Susan Porter, Schottenstein, Zox & Dunn, Grey Wilbur Jones, Price & Jones, Columbus, OH, for defendants.

## MEMORANDUM & ORDER

HOLSCHUH, District Judge.

Seven plaintiffs filed suit on their own behalf, and on behalf of others similarly situated, against Applied Performance Technologies, Inc., its owner Gregory Huddle, and its executive vice president Courtland Bishop. Plaintiffs allege that Defendants failed to pay them overtime pay to which they are entitled under both federal and state law. This matter is currently before the Court on numerous pending motions: (1) Defendants' motion to dismiss (Record at 5); (2) Defendants' motion to dismiss Plaintiffs' first amended complaint (Record at 10); (3) Plaintiffs' motion for default judgment and request for jury trial on damages (Record at 11); (4) Defendants' motion to compel acceptance of offer of judgment (Record at 13); (5) Plaintiffs' motion for leave to serve limited interrogatories on Defendant and for an order expediting Defendants' answers, and motion for authority to notify putative class members (Record at 15); (6) Defendants' motion for extension of time to file a reply brief in support of their motion to dismiss (Record at 17); (7) Defendants' motion to strike Plaintiffs' response to the motion to dismiss the first amended complaint or, in the alternative, for leave to file a reply eleven days after the decision on the motion to strike (Record at 18); and (8) Defendants' motion to disqualify Plaintiffs' counsel (Record at 20).

## I. Background

At various times between October of 1997 and May of 2001, Plaintiffs Neil Yates III, Kris Walker, Eric Conkle, John Giusto, Thomas Hope, Sandra Hicks, and Stacy Groves each worked as hourly paid computer consultants for Applied Performance Technologies, Inc. ("APT"). On August 9, 2001, Yates, Walker, Conkle, and Giusto filed suit on behalf of themselves and other similarly situated individuals who had been employed by APT as hourly paid consultants and/or non-exempt office employees. They named as defendants APT, its owner Gregory Huddle, and its executive vice president Courtland Bishop. Plaintiffs alleged that Defendants knowingly failed to comply with federal and state overtime laws and regulations.

(Compl. at ¶¶ 7, 12). Plaintiffs further alleged that Defendants failed to post the required notices and intentionally misled them into believing that they were exempt from the requirement that they be paid one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week. (Compl. ¶¶ 30–31). Plaintiffs claimed violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Ohio Revised Code § 4111 *et seq.* They sought compensatory and liquidated damages, interest, attorney fees and costs.

## II. Motion for Default Judgment

■ On August 22, 2001, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, Defendants filed a motion to dismiss for failure to join Gregg McConnell as a necessary and indispensable party. McConnell is APT's former vice president and financial supervisor. He allegedly reviewed and approved the payroll records of the computer consultants during the relevant time period. On August 27, 2001, Plaintiffs filed a first amended complaint. However, other than the addition of Thomas Hope, Sandra Hicks, and Stacy Groves as named plaintiffs, the first amended complaint is substantially identical to the original complaint. McConnell was not named as an additional defendant in the amended complaint.

On September 12, 2001, Plaintiffs filed their memorandum in opposition to Defendants' motion to dismiss, essentially arguing that the August 22, 2001 motion to dismiss was rendered moot when the first amended complaint was filed. Then, on September 13, 2001, Plaintiffs filed a motion for default judgment and a request for jury trial on Plaintiffs' damages, noting that Defendants had failed to timely file an answer or other responsive pleading following service of the first amended complaint.[1] That same day Defendants filed a motion to dismiss the first amended complaint for the same reason asserted earlier—Plaintiffs had failed to join Gregg McConnell, a necessary and indispensable party.

Defendants then filed a memorandum in opposition to the motion for default judgment, along with a reply to Plaintiff's memorandum in opposition to the motion to dismiss the original complaint. They argued that Plaintiffs were not entitled to default judgment because Defendants had "otherwise defended" in this action as required by Federal Rules of Civil Procedure 12 and 55; they had filed a motion to dismiss the original complaint. Defendants claimed that no answer was required until after the Court ruled on the pending motion to dismiss, and that the filing of an amended complaint did not automatically render moot the first motion to dismiss.

Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot. However, under the circumstances presented here, Defendants were not necessarily required to file a new motion to dismiss, and their failure to do so does not entitle Plaintiffs to default judgment. As noted earlier, the amended complaint merely designated three additional plaintiffs. It did not attempt to cure the defect alleged in the original motion to dismiss—failure to join an indispensable party. Under these circumstances, Defendants were not required to file a new motion to dismiss or file an answer to the amended complaint.

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed.1990). *See also Jordan v. City of Philadelphia*, 66 F.Supp.2d 638,

---

1. Federal Rule of Civil Procedure 15(a) states that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

641 n. 1 (E.D.Pa.1999)(if amended complaint suffers from same deficiencies addressed in motion to dismiss, the court may consider that motion as addressing the amended complaint); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F.Supp. 704, 712 (N.D.Ind. 1991)(same). For these reasons, even though Defendants' original motion to dismiss (Record at 5) is denied as moot, Plaintiffs' motion for default judgment and for a jury trial on damages (Record at 11) is denied.

### III. Motion to Strike Response

After Plaintiffs filed their memorandum in opposition to Defendants' motion to dismiss the amended complaint, Defendants filed a motion for a one week extension of time to file their reply brief (Record at 17). Three days later, Defendants filed a motion to strike the memorandum in opposition in its entirety, alleging that Plaintiffs based it upon confidential deposition testimony that was subject to a July 31, 2001 agreed protective order in a related case. Defendants also asked that they be permitted to file their reply brief concerning the motion to dismiss the amended complaint eleven days after the Court renders a decision on the motion to strike. Based on this later motion, the Court considers the earlier motion for a one week extension of time to file a reply brief (Record at 17) to be moot.

In support of their memorandum in opposition to the motion to dismiss the amended complaint, Plaintiffs attached transcripts of deposition testimony of Gregory Huddle, Courtland Bishop, and APT employee Janet Dobbins. (Exs. 3–5 to Mem. in Opp'n). Defendants allege that this deposition testimony was subject to an agreed protective order in the case of *Applied Performance Technologies v. Eric Conkle*, Franklin County Court of Common Pleas Case No. 01CVH07–6379, and had been designated as confidential.[2]

The relevant protective order stated that confidential material disclosed in the case "shall be used solely in connection with this judicial proceeding and shall not be used for any other purposes except as otherwise or-

dered by this Court." The protective order permitted deposition testimony to be deemed "confidential" or "confidential—attorney's eyes only" if it was designated as such within fifteen days after the transcription of the testimony. (Ex. A to Mot. to Strike, ¶¶ 3, 6). On August 13, 2001, Defendants designated portions of the deposition testimony of Huddle, Bishop, and Dobbins as "confidential—attorney eyes only" and designated the remainder of the testimony as "confidential." (Ex. B to Mot. to Strike).

Defendants urge the Court to strike the memorandum in opposition in its entirety as a sanction for violating the protective order. In response, Plaintiffs claim that the motion to strike should be denied because: (1) Federal Rule of Civil Procedure 12(f) does not permit courts to strike entire memoranda; (2) the protective order at issue became null when *Conkle* was voluntarily dismissed on August 15, 2001 and, therefore, could not have been violated; and (3) Defendants' designation of portions of the deposition testimony as confidential was untimely and ineffective. Each of these arguments lacks merit.

■ Plaintiffs first argue that Federal Rule of Civil Procedure 12(f) permits the Court to strike certain objectionable material from a pleading, but does not permit the Court to strike an entire memorandum. They further note that a memorandum is not a "pleading" as defined by the rules. The Court agrees that Rule 12(f) is inapplicable. However, where protective orders have been violated, courts have broad discretion to impose whatever remedy they deem appropriate. 6 James William Moore, *Moore's Federal Practice* § 26.108[2] (3d ed.1997).

■ Plaintiffs next argue that the protective order became a nullity once the *Conkle* case was voluntarily dismissed. They note that discovery orders are considered interlocutory in nature and interlocutory orders are dissolved upon termination of a case. This may be true of most discovery orders. However, "[t]here seems to be little doubt that a protective order issued by a court, either state or federal, which on its face survives

---

**2.** In that case, APT sought injunctive relief against Conkle, claiming that he had violated a

confidentiality and non-competition agreement after leaving APT.

the underlying litigation, continues to have full force and effect on the parties subject to it even after the final resolution of the underlying case, and the issuing court retains jurisdiction and authority to modify or revoke it." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499 (D.Md.2000)(*citing Public Citizen v. Liggett Group*, 858 F.2d 775, 780–82 (1st Cir.1988) and *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990)).

■ In this case, on its face, the protective order at issue survives the termination of the underlying litigation. Not only did it specifically state that confidential documents were not to be used for any purpose other than that judicial proceeding, but it also stated that all confidential material was to be returned to the producing party within sixty days after entry of a final order in that case. This language clearly imposes obligations meant to survive the termination of the action. If the parties were free to disclose confidential information upon dismissal of a case, protective orders would cease to fulfill their intended purpose which is to encourage full disclosure of all relevant information. The Franklin County Court of Common Pleas retained jurisdiction to modify the protective order and, if Plaintiffs wished to use deposition testimony subject to that order in support of their memorandum in opposition, they should have sought modification of that order from the issuing court.

Finally, Plaintiffs claim that Defendants failed to timely designate the deposition testimony as confidential within fifteen days after that testimony was transcribed, as required by the protective order. This argument also lacks merit. The testimony was transcribed and delivered to the deponents and their attorneys on July 27, 2001. (Exs. A–C to Reply Brief in Support of Mot. to Strike). According to the time calculation methods set forth in Federal Rule of Civil Procedure 6(a), because the fifteenth day fell on a Saturday, counsel had until the following Monday to make the designations. Defendants' designation of the testimony as

confidential on Monday, August 13, 2001 was therefore timely.

■ This Court lacks the authority to formally sanction Plaintiffs' counsel for violating a protective order that was entered by another court. However, it also refuses to allow Plaintiffs to use the fruits of that violation to their benefit in this litigation. The Court will not strike the entire memorandum in opposition as requested by Defendants. The Court will, however, strike the deposition testimony of Huddle, Bishop, and Dobbins in its entirety (Exs. 3–5 to Mem. Opp'n Mot. to Dismiss). In support of the memorandum in opposition, the Court will consider only the attached affidavits of Gregg McConnell and Eric Conkle (Exs. 1 and 2).

As requested, Defendants shall have eleven (11) days from the date of this Memorandum and Order to file their reply brief in support of their motion to dismiss. The Court will reserve ruling on the pending motion to dismiss the amended complaint (Record at 10) until Defendants have had the opportunity to file their reply brief. Because the motion to disqualify Plaintiffs' counsel (Record at 20) is based, in large part, on the same issue—Plaintiffs' failure to join McConnell as a defendant in this action—the Court will also reserve ruling on the motion to disqualify Plaintiffs' counsel. Accordingly, in addition, the Court will reserve ruling on the pending motion for leave to serve limited interrogatories and motion for authority to notify putative class members (Record at 15).

## IV. Motion to Compel Acceptance of Offer of Judgment

■ The Fair Labor Standards Act imposes liability on employers for the amount of the unpaid overtime compensation, plus an additional equal amount as liquidated damages. It also permits recovery of reasonable attorney fees and costs. 29 U.S.C. § 216(b). One week after the initial complaint was filed, Defendants made offers of judgment to each of the four named plaintiffs for double the amount of unpaid overtime plus reasonable attorney fees.[3] On the

---

3. Federal Rule of Civil Procedure 68 states in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may

same date the amended complaint was filed, Defendants made similar offers of judgment to each of the three newly named plaintiffs. All offers were declined. Defendants have now moved the Court to compel the named plaintiffs to accept the offers of judgment because, according to Defendants, the offers fully compensate each of them for the additional overtime they worked and provide for the maximum liquidated damages, attorneys' fees and costs incurred through the date of the offers.

In support of their motion, Defendants cite to the case of *Ambalu v. Rosenblatt,* 194 F.R.D. 451 (E.D.N.Y.2000). In that case, the plaintiff had filed a class action alleging violations of the Fair Debt Collection Practices Act. Before the class was certified, the defendant made an offer of judgment for the maximum amount of damages to which the plaintiff was entitled by statute. When plaintiff declined the offer, defendant filed a motion to compel him to accept the offer of judgment. The court found that the offer included all that the plaintiff could have hoped to recover; the plaintiff therefore had no remaining stake in the outcome. Finding no remaining justification for use of the court's resources or the defendant's effort, the court entered the judgment as offered by defendant. *Id.* at 453. Although plaintiff argued that Rule 68 did not apply in the context of class action lawsuits, the court disagreed since the class had not yet been certified. *Id.* Even though the offer of judgment failed to compensate members of the putative class, the court found this irrelevant because once the named representative's claims became moot, the entire case would be dismissed for lack of subject matter jurisdiction. *Id.*

In response to Defendants' motion, Plaintiffs claim that they declined the offers of judgment because Defendants have refused to provide them with requested documentation concerning the calculations that led to the offers. Plaintiffs had requested supporting payroll and time sheet records so that they could adequately evaluate the offers. They claim that, without these records, they are unable to evaluate the sufficiency of the offers and, therefore, have reasonably declined them.[4] Plaintiffs also contend that since the offers do not address the claims of the approximately 100 other putative plaintiffs belonging to the class, the offers are inadequate on their face. Plaintiffs further contend that the Court lacks authority to compel them to accept the offers because, pursuant to Rule 68, the offers expired ten days after they were made.

Plaintiffs note that Defendants cite no case other than *Ambalu* in support of their motion and argue that it is factually distinguishable. The Court agrees. The Fair Debt Collection Practices Act limits recovery to actual damages sustained due to the violation of the Act, plus $1000, costs and attorney fees. Since the plaintiff in *Ambalu* had admittedly suffered no actual damages, his recovery was limited by statute to $1000, costs, and attorney fees. Since plaintiff's demand was for a sum certain and the offer was equal to the demand, it was entirely appropriate that the court enter judgment for that amount.

In this case, the relevant statute permits Plaintiffs to recover twice the amount of overtime pay to which they were entitled, plus attorneys' fees and costs. If there was no question concerning the amount of overtime pay to which each plaintiff was entitled,

serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must

pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

4. Defendants, on the other hand, claim that, prior to instituting this action, Plaintiffs' counsel should have determined how many unpaid overtime hours each plaintiff had worked and should, therefore, be able to evaluate the fairness of the offers without reviewing APT's confidential business records. Defendants have, however, offered to submit the requested records to the Court for *in camera* inspection so that the Court may evaluate the sufficiency of the offers.

this would be more analogous to *Ambalu*. However, it does not appear that the parties in this case have reached any consensus concerning the total number of unpaid overtime hours each plaintiff worked. Defendants have noted that after the suit was filed and in order to facilitate settlement, they requested information on how much money each plaintiff claimed to be owed, but Plaintiffs refused to provide this information. It appears that not one of the named plaintiffs has made a demand for a sum certain, and it is not clear that they even know the total number of overtime hours they worked for APT. Therefore, while Defendants claim to have determined, with some degree of certainty, the amount to which each named plaintiff is entitled, their refusal to provide Plaintiffs with the requested supporting documentation has rendered this a matter still in dispute.[5] Under these circumstances, the Court finds that it would be inappropriate to compel Plaintiffs to accept the offers of judgment. Defendants' motion to compel acceptance of the offers of judgment is therefore denied.[6]

## V. Conclusion

For the reasons stated above, Defendants' motion to dismiss the original complaint (Record at 5) is **DENIED AS MOOT** and Plaintiffs' motion for default judgment (Record at 11) is **DENIED**. Defendants' motion to compel acceptance of offers of judgment (Record at 13) is also **DENIED**.

Defendants' motion to strike Plaintiffs' memorandum in opposition to the motion to dismiss the amended complaint (Record at 18) is **GRANTED IN PART AND DENIED IN PART**. The Court will strike Exhibits 3–5 and will not consider them in connection with the memorandum in opposition. Defendants' motion to extend by one week the deadline for filing a reply brief concerning the motion to dismiss the amended complaint (Record at

17) is **DENIED AS MOOT**; however, as requested, Defendants shall have eleven (11) days from the date of this Memorandum and Order to file their reply brief. Until that time, the Court will **RESERVE RULING** on Defendants' motion to dismiss the amended complaint (Record at 10), Plaintiffs' motion for leave to serve limited interrogatories and for authority to notify putative class members (Record at 15), and Defendants' motion to disqualify Plaintiffs' counsel (Record at 20).

**IT IS SO ORDERED.**

---

5. The Court further notes that there appears to be a dispute concerning whether APT's failure to post the required FLSA notices at the worksite equitably tolled the statute of limitations, which is two years, or three years for willful violations. *See* 29 U.S.C. § 255. This issue has not yet been briefed and the Court need not decide it at this time. The Court would note, however, that resolution of this issue could also have an impact the amount of damages recoverable.

6. Because the Court is denying Defendants' motion on the ground that the amount of overtime pay owed each named plaintiff is still in dispute, the Court sees no need to address at this time the issue of whether the absence of offers of judgment to other putative class members renders the offers inadequate as a whole.