Amy **GREIF**, on behalf of herself and all others similarly situated, Plaintiff,

v.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,** Defendant.

**No. 01 CV 5643(ADS).**

United States District Court, E.D. New York.

April 22, 2003.

Katz & Kleinman PLLC, by Lawrence Katz, Of Counsel, Uniondale, NY, for Plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY, Pro Se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On August 21, 2001, Amy Greif ("Greif" or the "plaintiff") commenced this action on behalf of herself and all others similarly

situated against the law firm Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("WEMED" or the "defendant"), alleging three separate violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Presently before the Court is a motion by the defendant to compel Greif to accept an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") and dismiss the class action complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## I. BACKGROUND

The background of this case is incorporated in this Court's order dated August 19, 2002, familiarity with which is assumed. In the August 19, 2002 order, this Court dismissed the complaint as to one violation but denied dismissal as to the other two alleged violations. On August 30, 2002, the defendant filed its answer. On September 5, 2002, pursuant to the provisions of Fed.R.Civ.P. 68, the defendant served the plaintiff with an offer of judgment which consented to judgment in favor of the plaintiff in the total amount of $1,000, plus costs, disbursements and reasonable attorneys' fees incurred by the plaintiff to the date of the offer. The plaintiff neither rejected nor accepted this offer. On September 9, 2002, the defendant filed the present motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The plaintiff has not moved to certify the action as a class action.

## II. DISCUSSION

WEMED argues that the plaintiff's claims became moot when she was served with the Rule 68 offer of judgment for the full amount that the plaintiff is entitled to on the facts alleged in her complaint. The defendant further argues that because the case is moot, there is no "case" or "controversy" as required by Article III of the United States Constitution, thereby depriving the Court of subject matter jurisdiction.

Rule 68 provides that a defendant "may serve upon [a plaintiff] an offer to allow judgment to be taken against the [defendant] for the money ... specified in the offer, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, if the judgment the plaintiff ultimately obtains "is not more favorable" than the defendant's offer, the plaintiff "must pay the costs incurred after making the offer." Fed.R.Civ.P. 68.

Section 1692k of the FDCPA limits the liability of a "debt collector" to (1) actual damages sustained by the plaintiff due to the debt collector's violations; (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) the "costs of the action, together with a reasonable attorney's fee as determined by the court." In the complaint, the plaintiff does not allege any actual damages and requests only that she be awarded statutory damages. Thus, the plaintiff's maximum recovery is $1,000, plus costs of the suit and a reasonable attorney's fee.

As Judge Nickerson pointed out in *Ambalu v. Rosenblatt,* 194 F.R.D. 451 (E.D.N.Y.2000), a class action FDCPA case, when a defendant offers "all that [a plaintiff] could hope to recover through [the] litigation, 'there is no justification for taking the time of the court and defendant in the pursuit of [a] minuscule claim[ ] which defendant has ... satisfied.'" *Id.* at 453 (quoting *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983)). In such a case, the "personal stake, or legally cognizable interest the plaintiff has in the case is absent." *Ambalu,* 194 F.R.D. at 452 (citing *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant

offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright under Fed. R.Civ.P. 12(b)(1), because he has no remaining stake.")). When the case lacks a legally cognizable interest, a justiciable case or controversy no longer exists, and thus, the case should be dismissed for lack of subject matter jurisdiction. *See Abrams*, 719 F.2d at 32; *see also, S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (2d Cir. 1994) ("A federal court may only be called upon to adjudge the legal rights of litigants in actual controversies."); *Ambalu*, 194 F.R.D. at 452

In *Ambalu*, as in this case, the defendant served a Rule 68 offer of judgment for the sum of $1,000, plus costs of the action and a reasonable attorney's fee. 194 F.R.D. at 452. Because this offer of judgment provided the maximum statutory relief under the FDCPA, the court concluded that the plaintiff no longer had a personal stake in the case. *Id.* at 452–53. Accordingly, the court dismissed Ambalu's complaint for lack of subject matter jurisdiction, entered judgment against the defendant in accordance with its Rule 68 offer of judgment, and retained jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit.

In rejecting Ambalu's argument that a Rule 68 offer of judgment does not apply in a class action context, Judge Nickerson held that in a class action case where the class has not been certified and no motion for certification has been made, a Rule 68 offer of judgment applies. *Id.* at 453. The court further found that its conclusion was unaltered by the fact that the offer of judgment did not propose to compensate the entire class. *Id.* The court reiterated the fact that the class had not been certified, and "if a named representative's claim becomes moot before class certifica-

tion, the entire class is to be dismissed for lack of subject matter jurisdiction." *Id.* at 453 (citing *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975)).

In *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y.2001), this Court joined two other courts in this Circuit in agreeing with the reasoning of *Ambalu*. *See Tratt v. Retrieval Masters Creditors Bureau, Inc.*, No. 00 CV 22401, 2001 WL 667602, 2001 U.S. Dist. LEXIS 4560 (E.D.N.Y. May 23, 2001); *Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393 (S.D.N.Y.2001). The facts of the present case are virtually identical to that in *Ambalu*. WEMED's Rule 68 offer of judgment contains all the available relief sought by Greif, and she has not moved for certification. Therefore, Greif's claims are moot. *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01 CV 1086, 2002 WL 449653, *3, 2002 U.S. Dist. LEXIS 4783, at *9 (S.D.N.Y. Mar. 21, 2002) (holding that defendants' offer of judgment containing the maximum recovery moots the plaintiff's claim). Because the plaintiff's claims are moot, the entire action is moot, and thus, the Court lacks subject matter jurisdiction. *See Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 140 (2d Cir.1994) (stating that when a case becomes moot, the federal courts lack subject matter jurisdiction over the action).

Greif argues that controlling authority establishes that Rule 68 offers of judgment may not defeat the right to seek class certification or relief for the class. The cases the plaintiff primarily relies upon are distinguishable insofar as they concern the issue of mooting a named plaintiff's claims after the filing of a motion to certify, which Greif has not yet done. *See, e.g., Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 327, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (holding that a tender to named

plaintiffs in a class action of the amount claimed in their individual capacities after the denial of class certification does not necessarily cause the entire action to become moot); *Abrams v. Interco*, 719 F.2d 23 (2d Cir.1983) (denying class certification and dismissing the action for lack of subject matter jurisdiction).

Furthermore, the Court notes that the more difficult question appears to be whether a court must declare a case moot where a motion for class certification has been filed and is therefore pending or where a plaintiff has not had opportunity to file such a motion. *See, e.g., Schaake v. Risk Management Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y.2001) (denying defendant's motion to compel plaintiff to accept Rule 68 offer of judgment because such offer was made a mere 32 days after the complaint was filed, well before plaintiff could reasonably file its motion for certification); *Silva v. National Telewire Corp.*, 2000 DNH 197, 2000 WL 1480269, at *1, 2000 U.S. Dist. LEXIS 13986, at *2 (Dist.N.H.2000) (stating that "it would be inappropriate to compel the plaintiff to settle her individual claim against the defendant while the [motion for] class certification is pending"). Indeed, in situations where a plaintiff is presented with an offer of judgment prior to a decision on a class certification motion, some courts have expressed concern that applying *Ambalu* to class action complaints could lead to an "untenable result" because it would encourage a race to buy off the named plaintiff early in the litigation. *Schaake*, 203 F.R.D. at 112.

While the Court acknowledges that a strategic tender of a Rule 68 offer very early in the litigation has the effect of "buying off" a plaintiff before a motion for certification can be made, the Court notes that nearly 20 months have elapsed since the plaintiff commenced this action. Greif has yet to file a motion for certification.

Notably, the plaintiff does not indicate that she was prevented from commencing discovery or moving for class certification.

The Court further rejects the plaintiff's argument that her right to prosecute the case as a class action derives from the FDCPA and not merely from Fed.R.Civ.P. 23 and that therefore dismissal of the case would violate the Rules Enabling Act, which states that the federal "rules shall not abridge, enlarge or modify any substantive right," 28 U.S.C. § 2072. The defendant is correct in asserting that the plaintiff's argument ignores the fact that all class actions in federal courts are governed by Rule 23 of the Fed.R.Civ.P. and that Rule 23 is subject to the provisions of Rule 68, as demonstrated above. Accordingly, the defendant's motion to compel Greif to accept its offer of judgment and to dismiss the action for lack of subject matter jurisdiction is granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendant's motion to dismiss the complaint is **GRANTED;** and it is further

**ORDERED,** that the Court shall retain jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit and then the Court of the Clerk will be directed to enter judgment against the defendant in accordance with its Rule 68 offer of judgment.

**SO ORDERED.**