[Cite as *Pittman v. Chase Home Fin., L.L.C.*, 2012-Ohio-1060.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97321

# JAVON PITTMAN

PLAINTIFF-APPELLANT

vs.

# CHASE HOME FINANCING, LLC

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-571902

**BEFORE:** Cooney, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEYS FOR APPELLANT**

Patrick J. Perotti
Nicole T. Fiorelli
Dworken & Bernstein Co., LPA
60 South Park Place
Painesville, OH 44077

Brian Ruschel
925 Euclid Avenue, Ste. 660
Cleveland, OH 44114-1405


**ATTORNEYS FOR APPELLEE**

William H. Falin
Seamus J. McMahon
Moscarino & Treu, LLP
The Hanna Bldg., Ste. 630
1422 Euclid Ave.
Cleveland, OH 44115

Danielle J. Szukala
Leann P. Pope
Burke, Warren, MacKay & Serritella, P.C.
300 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607

COLLEEN CONWAY COONEY, J.:

{¶1} Plaintiff-appellant, Javon Pittman ("Pittman"), appeals from the trial court's decision to incorporate the version of paragraph 4D into the settlement agreement proposed by defendant-appellee, Chase Home Finance, LLC ("Chase"). Finding no merit to the appeal, we affirm.

{¶2} In 2005, Pittman filed a class action against Chase, alleging that Chase routinely failed to record notice, when its customers had satisfied their mortgages, within 90 days as required by Ohio law. During discovery and prior to class certification, the trial court granted Chase's motion for a protective order in 2007, directing Pittman's counsel that:

> Confidential information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order. * * * All Documents, information, deposition testimony or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever. Neither Plaintiff, nor Plaintiff's counsel, shall use any Confidential Information in connection with any future litigation against Chase or any related entity.

**{¶3}** In May 2009, the trial court denied Pittman's class certification, from which he appealed. While the appeal was pending, Pittman and Chase reached a class-wide settlement and the appeal was dismissed. However, Pittman and Chase could not agree regarding "paragraph 4D" of the settlement agreement. This term of the agreement deals specifically with the addresses, telephone numbers, and email addresses of those contained in the class, provided by Chase to Pittman. Chase proposed a version of paragraph 4D in which Pittman would be prohibited from using the class list information to contact the members regarding any future litigation against Chase, pursuant to the protective order. Pittman, however, proposed a version of paragraph 4D that would allow Pittman to contact the members of the class list "regarding any matter."

**{¶4}** The parties agreed to submit the disputed provision to the trial court, and both parties submitted briefs in March 2011. On June 3, 2011, the trial court issued its final approval order and judgment of dismissal with prejudice, in which the court retained jurisdiction over compliance with the settlement agreement and over the final order and judgment. On June 9, 2011, the trial court issued a journal entry in which the case was deemed settled and dismissed with prejudice. On August 18, 2011, the trial court entered a journal entry in which the court ordered the parties to abide by the version of paragraph 4D proposed by Chase, pursuant to the 2007 protective order.

**{¶5}** Pittman now appeals, arguing in his sole assignment of error that the trial court erred in incorporating Chase's version of paragraph 4D into the settlement

agreement because it violates the Ohio Rules of Professional Conduct and the free speech guarantees of the Ohio and U.S. Constitutions.

**{¶6}** As a threshold matter, Chase argues that the August 18, 2011 journal entry from which Pittman appeals is not a final appealable order. Chase argues that this court lacks jurisdiction because the journal entry ordering the parties to adhere to Chase's proposed provision does not fall under any of the R.C. 2505.02 descriptions of a final order. Chase also argues that the entry is not a final appealable order because it was issued two months after the court entered final judgment in the case.

**{¶7}** However, the trial court's entry ordering the parties to adhere to Chase's version of paragraph 4D constitutes an order that affects a substantial right made in a special proceeding after judgment. R.C. 2505.02(B)(2). Moreover, the trial court retained jurisdiction over compliance with the settlement agreement and over the final order and judgment. *See* June 3, 2011 Final Approval Order. Thus, we find that the August 18, 2011 entry regarding the disputed provision is a final appealable order.

**{¶8}** In terms of an appropriate standard of review, Pittman argues that a de novo standard of review applies because the court's decision involved mixed questions of law and fact. We disagree. Having voluntarily submitted the two proposed versions of paragraph 4D, Pittman and Chase agreed to allow the trial court to decide which version to incorporate into the settlement agreement. "The approval of a settlement agreement rests in the sound discretion of the trial court." *Duncan v. Hopkins*, 9th Dist. No. 24065,

2008-Ohio-3772, at ¶ 14, quoting *State ex rel. Republic Servs. of Ohio v. Pike Twp. Bd. of Trustees*, 5th Dist. Nos. 2006 CA 00153 and 2006 CA 00172, 2007-Ohio-2086, at ¶ 68. *See also Meyer v. Meyer*, 9th Dist. No. 21023, 2002-Ohio-5038, at ¶ 9.   In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying an abuse of discretion standard, this court may not substitute its judgment for that of the trial court.   *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶9} Pittman argues that the trial court erred in ordering the parties to adhere to the version of paragraph 4D proposed by Chase, because the provision violates the Ohio Rules of Professional Conduct and the free speech guarantees of the Ohio and U.S. Constitutions.

{¶10} In terms of the Ohio Rules of Professional Conduct, Pittman contends that prohibiting appellant's counsel from contacting those listed on the class list is a violation of counsel's attorney-client relationship.   Pittman claims that once the class was certified, all on the class list became "clients" of his counsel.   However, the trial court denied Pittman's motion for class certification.   Moreover, by the time Pittman and Chase reached a settlement agreement on behalf of Pittman and his proposed class, the protective order had already been granted by the trial court.

{¶11} "A protective order that on its face survives the underlying litigation continues to be effective even after the underlying case has been dismissed." *Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, at ¶ 11. *See also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (C.A.10, 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 781-782 (C.A.1, 1988). The language of the protective order in the instant case clearly imposes an obligation meant to survive the termination of the action. "If the parties were free to disclose confidential information upon dismissal of a case, protective orders would cease to fulfill their intended purpose which is to encourage full disclosure of all relevant information." *Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 501 (S.D.Ohio 2002).

{¶12} Likewise, if Pittman's counsel, pursuant to a settlement agreement, were free to use the personal information of the client list upon dismissal of this case to contact those listed regarding "any matter," the intended purpose of the protective order would cease to be fulfilled. The accepted version of the provision in no way limits Pittman's counsel from corresponding with members of the class in connection with the instant case. Pursuant to the protection order, Chase's proposed version of the provision protects those listed on the client list from being contacted by Pittman's counsel regarding matters unrelated to the settlement.

**{¶13}** Moreover, Pittman fails to set forth any case law to support his specific contention that having reached a settlement agreement on behalf of a class, he now has the right to use the client list provided by Chase to solicit future clients. Nor does Pittman provide any support for his contention that simply because a settlement has been reached on behalf of the class, that the protection order suddenly becomes void.

**{¶14}** Regarding the constitutional guarantee to free speech, Pittman argues that the provision accepted by the trial court is a violation of the First Amendment. Pittman contends that any limitation on counsel's ability to communicate with his clients is an unconstitutional restraint. Thus, he argues that strict scrutiny applies. However, solicitation of clients is considered commercial speech, and is not afforded the same strict level of scrutiny generally saved for constitutional issues regarding speech. *See Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978) ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns."). "The protection afforded commercial speech by the First Amendment does not prevent district courts from prohibiting and sanctioning such abuses of the discovery process." *Kauffman v. Am. Family Mut. Ins. Co.,* 601 F.3d 1088 (10th Cir.2010). Likewise, the trial court was well within its discretion when it issued the protective order limiting Pittman's use of the client list to issues pertaining to the settlement and prohibiting future unrelated solicitation.

{¶15} Thus, we find that the trial court's decision to protect the class list from future solicitation was well within its sound discretion. The trial court did not abuse its discretion in choosing to implement Chase's proposed version of paragraph 4D, consistent with the court's protective order.

{¶16} Accordingly, the sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR